PEOPLE v. EPT.

1. INDICTMENT AND INFORMATION—SHORT FORM—EMBEZZLEMENT.
   An information in the short form relative to embezzlement by public officers is permissible under the code of criminal procedure provided the prosecuting attorney, if seasonably requested by the defendant, furnishes a bill of particulars setting up specifically the nature of the offense charged (3 Comp. Laws 1929, §§ 17258, 17274; Act No. 328, § 175, Pub. Acts 1931).

2. SAME—BILL OF PARTICULARS—STATUTES.
   In prosecution of a city treasurer for embezzlement of public moneys, bill of particulars, furnished upon order of court, which listed a number of taxpayers' checks that were conceded by the prosecution at the trial not to have been embezzled, but claimed to have had a bearing on defendant's felonious intent in embezzling cash items, did not comply with order of court nor with the intendment of the statute as it was misleading, unfair, and deprived defendant of his right to be informed specifically of the nature of the offense as well as to have the trial confined to the particulars set up therein (3 Comp. Laws 1929, §§ 17258, 17274; Act No. 328, § 175, Pub. Acts 1931).

3. SAME—BILL OF PARTICULARS—EMBEZZLEMENT.
   Failure of prosecution to furnish a proper bill of particulars in prosecution of city treasurer for embezzlement of public funds is not excused because of difficulty of charging specific items of embezzlement (3 Comp. Laws 1929, §§ 17258, 17274; Act No. 328, § 175, Pub. Acts 1931).

4. SAME—PURPOSE OF BILL OF PARTICULARS.
   The office of bill of particulars provided for in the criminal code is to set forth specifically, in appropriate instances, the means, manner, or method adopted or employed by accused, or what acts of his are claimed to constitute the crime (3 Comp. Laws 1929, § 17258).

5. CRIMINAL LAW—EMBEZZLEMENT BY PUBLIC OFFICER—INFORMATION—BILL OF PARTICULARS—NEW TRIAL.
   In prosecution of city treasurer for embezzlement of public funds in which defendant sought, court ordered, and prosecuting attorney furnished, a bill of particulars, where bill

furnished did not comply with order or statute, timely objection was made to evidence introduced of items not listed therein, and testimony took a wide range, covering several years of defendant's tenure of office, and disclosed little more than that there was a shortage in the books calling for an explanation, defendant's motion for a new trial should have been granted (3 Comp. Laws 1929, §§ 17258, 17274; Act No. 328, § 175, Pub. Acts 1931).

Appeal from Wayne; Toms (Robert M.), J. Submitted June 12, 1941. (Docket No. 59, Calendar No. 41,119.) Decided October 6, 1941. Rehearing denied January 6, 1942.

Norman C. Ept, a public officer, was convicted of embezzlement. Reversed and new trial granted.

*Edward N. Barnard,* for appellant.

*Herbert J. Rushton,* Attorney General, *William E. Dowling,* Prosecuting Attorney, and *William R. Bolio* and *Ralph E. Helper,* Assistant Prosecuting Attorneys, for the people.

WIEST, J. Upon trial by jury defendant was convicted of the crime of embezzling moneys of the city of Lincoln Park while its treasurer in 1936. He prosecutes review by appeal

We need consider but one alleged error. The information was in short form, based on the penal code, Act No. 328, § 175, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–175, Stat. Ann. § 28.372), relative to embezzlement by public officers. The information was permissible in short form under the code of criminal procedure, 3 Comp. Laws 1929, § 17274 (Stat. Ann. § 28.1000), provided the prosecuting attorney, if seasonably requested by the respondent, should furnish a bill of particulars setting up specifically the nature of the offense charged. 3 Comp. Laws 1929, § 17258 (Stat. Ann. § 28.984).

In due season defendant requested the prosecuting attorney to furnish him a bill of particulars.

The request was ignored. Upon defendant's motion the court ordered the prosecutor to furnish defendant a bill of particulars. Thereupon the prosecuting attorney served the following:

"Please take notice that at the trial of said cause, the prosecutor will give in evidence all of the items shown in the examination, and in addition, the following items as to taxpayer, date and amount: July 24, 1936        Dr. Sanford ......$133.92," and listed 16 other payments by checks, giving dates and amounts.

At the opening of the trial the prosecutor conceded that the check items set up in the bill of particulars were not embezzled, but claimed they were admissible under the theory that they enabled defendant to cover up his real embezzlement and, therefore, had bearing upon the felonious intent of defendant.

The prosecutor states in his brief:

"To clarify the issues, the people admit that the check items listed in the bill of particulars and proved at the examination were deposited to the credit of the city of Lincoln Park. The people also admit that the proceeds so deposited were not unauthorizedly withdrawn from the bank by defendant. The embezzlement claimed by the people is of cash funds that came over the counter in defendant's office while he was treasurer of the city of Lincoln Park."

The so-called bill of particulars did not comply with the order of the court nor with the intendment of the statute, was misleading, unfair, and a deprivation of defendant's right not only to be informed specifically of the nature of the offense but as well to have the trial confined to the particulars set up therein. Objections to evidence early in the trial

brought this matter to the attention of the court but the prosecutor was permitted to go unhindered and, over defendant's objection, was not limited to items shown at the preliminary examination. The court not only permitted proof of the items set up in the so-called bill of particulars but, over objection, admitted proof of items not within the bill of particulars nor disclosed at the preliminary examination.

Had the court denied defendant a bill of particulars and at the trial strictly confined the prosecution to items shown at the preliminary examination, there would be some reason, under the holding in *People* v. *McKinney,* 10 Mich. 54, for saying defendant was not harmed. But a bill of particulars was ordered by the court and, under the mentioned statute, the defendant had a right to an applicable bill, and the bill furnished by the prosecution concededly did not state items of funds claimed to have been embezzled. The failure of the prosecution to furnish a bill of particulars is not excused by citation of cases stating the difficulty of charging specific items of embezzlement by a public officer. The court order should have been obeyed and defendant put to trial on specific charges made the issues in the case.

In *People* v. *Margelis,* 246 Mich. 459, in speaking of the statute affording a defendant a right to a bill of particulars, this court said:

"The purpose of this is clear, although the employment of the word 'nature' was not happy. The information must inform the accused of the 'nature' of the accusation, and clearly a defendant is not to be relegated to a bill of particulars in that respect. It does no violence to the statute (criminal code) to give it workable sense by a holding that the office of a bill of particulars is to specifically set forth, in appropriate instances, the means, manner, or

method adopted or employed by an accused. In other words, what acts of his are claimed to constitute the crime. This does not at all conflict with, but only adds force to, section 52, chap. 7, of the criminal code,* which reads:

" 'The indictment need contain no allegation of the means by which the offense was committed except in so far as the means is an element of the offense.' "

The testimony at the trial took a wide range, covering several years of defendant's tenure of the office and, by reason thereof, was confusing, and disclosed little more than that there was a shortage in the books of the treasurer calling for explanation.

Defendant offered no proofs.

At the close of the proofs offered in behalf of the prosecution defendant moved for a directed verdict of not guilty. This was denied.

Defendant's motion for a new trial should have been granted on the ground we have discussed in this opinion.

The conviction is vacated and a new trial granted.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, STARR, and BUTZEL, JJ., concurred.

---

* Act No. 175, chap. 7, § 52, Pub. Acts 1927, here referred to is 3 Comp. Laws 1929, § 17266 (Stat. Ann. § 28.992).—REPORTER.