*George W. Moore* for the motion.

———◇———

### JEFFERSON HULL v. THE PEOPLE.

*Bastardy—Variance—Judgment as to maintenance.*

In bastardy proceedings it is error to admit evidence that the offense was committed at a time and place other than those specified in the complaint.

Comp. L., § 1979, provides that the amount of a judgment in bastardy proceedings on the part of the woman should be paid to her or to the county superintendent of the poor, or to both in specified proportions. *Held* that the omission to direct that the mother shall provide some part of the child's maintenance is not error, where the judgment provides to what extent the father shall assist her.

Error to St. Joseph.  Submitted June 3.  Decided June 17.

*John B. Shipman* and *S. C. Coffinberry* for plaintiff in error, as to maintenance cited Comp. L., § 1976; *Cross v. People*, 10 Mich., 25.

Attorney General *Otto Kirchner* for the People, as to evidence of acts committed before that alleged in the complaint, cited *Bassett v. Abbott* 4 Gray, 69; *Turner v. People*, 33 Mich., 363.

GRAVES, J.  The plaintiff having been condemned in a prosecution under the statute concerning bastardy, alleges error. The complaint against him was by the woman, and it set forth the time and place when and where the child was begotten, with particularity.  She did not claim that there was any uncertainty or that she was not able to fix the place and the time also, within a day or two.

She stated the time as the 25th or 26th of September, 1877, and the place as his father's residence in Lockport, St. Joseph county, and as helping to identify the occasion she stated further that his parents were away from home; that she had been sick and was not feeling well; and that the intercourse occurred in her bedroom. At the trial the judge allowed the accusation to be disregarded and permitted the prosecution to show that the act causing pregnancy was done several weeks earlier in another part of the house and under quite different circumstances. This was error. The party charged was entitled to assume that he would be tried on the accusation made, and not upon one in no manner disclosed to him by the papers.

It would be difficult to ascribe anything fair or just in the requirement of a formal charge if it could be wholly departed from in substance on the trial. It would be as much as saying the purpose of the law was to entrap the party, and not as the fact is, to determine whether the wrong imputed to him is true or not. No doubt proceedings under this statute should be free from technicalities, but it could not have been intended that the plainest safeguards against injustice should be cast aside. The accusation can never be more definite than the complainant is able to make it, but the law requires one to be made, and when made the other party is called on to meet it; but not to meet one which has not been previously asserted at all. And he may well decline to disprove what is not charged.

Complaint is also made of the judgment or order entered on the finding. It does not state to whom the money is required to be paid. As the prosecution was on the part of the woman, the order should have provided for payment to her or to the county superintendent of the poor, or both in some specified proportion. Comp. L., § 1979. The failure of the order to expressly direct some part of the child's maintenance to be by the mother is not error. It provides what he shall do, and

hence to what extent he must assist her. The duty rests upon her, if able, to do what remains, and the statute does not contemplate a direct adjudication against her in such proceeding to pay or provide means.

The proceeding must be set aside.

The other Justices concurred.