PEOPLE *v.* HUBBARD.

INDICTMENT AND INFORMATION—STATUTORY OFFENSES—RESISTING
  OFFICER—LANGUAGE OF STATUTE—SUFFICIENCY.

    An information in the language of the statute (§ 11327, 3
    Comp. Laws) providing punishment for resisting an officer
    in a lawful attempt to preserve the peace is insufficient where
    it fails to state facts showing that the officer was engaged in
    the lawful performance of his duty.

Error to Van Buren; Carr, J. Submitted June 22,
1905. (Docket No. 180.) Decided July 21, 1905.

Roswell Hubbard was convicted of resisting an officer
and sentenced to pay a fine of $50. Reversed and defend-
ant discharged.

*Barnard & Lewis*, for appellant.

*Russell M. Chase*, Prosecuting Attorney, for the
people.

McALVAY, J. Respondent was convicted before the
circuit court for Van Buren county upon a charge under
section 11327, 3 Comp. Laws, with having knowingly
and willfully resisted, opposed, and assaulted an officer,
and upon such conviction was sentenced to pay a fine of
$50, and in default of payment of said fine to be imprisoned
in the county jail for a period of 60 days, "or until such
fine is sooner paid." The information in this case is
founded upon that clause of section 11327, 3 Comp. Laws,
which provides:

    "If any person shall knowingly and willfully   *   *   *
obstruct, resist, oppose, assault, beat, or wound any of the
above named officers, or any other person or persons
authorized by law to maintain and preserve the peace in
their lawful acts, attempts and efforts to maintain,

preserve, and keep the peace, every person so offending shall on conviction thereof be punished," etc.

The information charges that respondent:

"To wit, on the 15th day of April, at the township of Antwerp, in the county of Van Buren, aforesaid, did knowingly and willfully resist, oppose, assault, and beat one Frank A. Robinson, he, the said Frank A. Robinson, being then and there a person authorized by law to maintain and preserve the peace, to wit, a deputy sheriff of said county of. Van Buren, and he, the said Frank A. Robinson, being then and there engaged as such deputy sheriff in his lawful acts, attempts, and efforts to maintain, preserve, and keep the peace."

Upon the trial respondent objected to the introduction of any evidence under the information for the reasons: *First,* the information charges no offense known to the law; *second,* the information contains no allegations of any breach of the peace; *third,* the information contains no statement of facts constituting any specific offense.

The errors relied upon are based upon exceptions taken to the action of the court in overruling these objections; also upon the denial of a motion in arrest of judgment for the reason that the verdict of the jury found respondent guilty as charged; that three distinct offenses are charged, and the verdict did not show of which one of these offenses respondent was found guilty.

The record discloses that respondent was tried upon the charge of knowingly and willfully assaulting an officer while in the lawful discharge of his duty, and the charge of the court submitted the case to the jury upon that charge alone. If these first objections were well taken, it will be unnecessary to consider the other errors assigned. The charge in the information is drawn in the exact words of the statute. While it is true in many cases that a statutory offense is sufficiently described in the words of the statute, yet this statute requires that the officer resisted or assaulted must be engaged as such in the lawful performance of his duty. No specific allegations are made as to

what such lawful performance of his duty was. The statement is made that the officer was "then and there engaged in his lawful acts, attempts, and efforts to maintain, preserve, and keep the peace." This statement is a conclusion, and not a statement of facts of which respondent was entitled to be informed. *People* v. *Hamilton*, 71 Mich. 340. It is a general rule that in all pleadings, and particularly in criminal cases, statements which are conclusions are not permissible. In *Robison* v. *Miner*, 68 Mich. 559, Justice CAMPBELL said:

"But a charge of breach of the peace, and nothing more, is not a definite charge, and the arrest made on such a charge could lead to no trial."

No cases are found by us or called to our attention, in prosecutions for resisting an officer in the execution of process lawfully issued, where it has been held not necessary to set forth specifically in the information the nature of the process and the doings of the officer under it at the time of the resistance. No different rule can be applied in the case of an assault upon an officer while engaged in his lawful acts to maintain, preserve, and keep the peace. The case of *People* v. *Tompkins*, 121 Mich. 431, does not overrule the *Hamilton Case*, for the reason that the lawful performance of duty in which the officer was engaged at the time of the assault was specifically set forth, and the question raised was that the information failed to allege that respondent knew he was an officer, or that he knew that he was at the time in discharge of his duty. These questions are not raised in the case at bar. This information charged no offense under the statute.

The conviction is set aside, and the respondent discharged.

MOORE, C. J., and BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.