PEOPLE *v.* BRANNEN.

1. APPEAL AND ERROR—BASTARDY PROCEEDINGS—CRIMINAL LAW
   —JUDGMENT.
   A writ of error does not lie in any case before judgment, and
   will not issue to review bastardy proceedings after conviction
   and before judgment or sentence.

2. SAME—CERTIORARI.
   No judgment known to the common law is rendered in such
   cases; the proceedings are purely statutory, the judgment
   being final and reviewable only by writ of certiorari.

Error to Oakland; Smith, J. Submitted November 14,
1912. (Docket No. 136.) Decided December 17, 1912.

Hugh J. Brannen was convicted of being the father of
an illegitimate child. Dismissed.

*Andrew L. Moore*, for appellant.

*Carl H. Pelton*, Prosecuting Attorney, and *Clinton
McGee*, Assistant Prosecuting Attorney, for the people.

PER CURIAM. In bastardy proceedings respondent
was convicted by a jury. A motion for a new trial was
denied. No judgment has been entered. Respondent
assigned errors and settled a bill of exceptions, which is
brought into this court by writ of error.

A writ of error lies in any case only to review a judg-
ment. Aside from this, the practice in such cases has
been misconceived. We are aware that in one, and, per-
haps, in more than one, case the proceeding appears to
have been reviewed upon writ of error; no notice being
taken of the use of the writ. See *Hull* v. *People*, 41
Mich. 167 (2 N. W. 175). The proceeding is, however,
purely statutory, not after the course of the common law,
and is summary. No judgment known to the common

law follows the verdict, and the judgment rendered is final. 2 Comp. Laws, §§ 5904, 5905 (2 How. Stat. [2d Ed.] §§ 4989, 4990). The only remedy available to an aggrieved party is by writ of certiorari. *Cross* v. *People,* 8 Mich. 113.

The writ must be dismissed.