PEOPLE *v.* MARGELIS.

1. INDICTMENT AND INFORMATION—CRIMINAL CODE—OFFICE OF BILL OF PARTICULARS.

The office of bill of particulars provided for in the criminal code (Act No. 175, Pub. Acts 1927, chap. 7, § 44), is to specifically set forth, in appropriate instances, the means, manner, or method adopted or employed by accused, or what acts of his are claimed to constitute the crime.

2. SAME—PURPOSE OF PLEADINGS.

The purpose of pleadings in a criminal case is to show jurisdiction, aver commission of a crime, state the nature thereof, and to bring an accused to the bar, to plea, and to trial.

3. SAME—RESISTING OFFICER—PARTICULARS OF CRIME—SUFFICIENCY OF INFORMATION.

A motion to quash an information charging resistance of an officer, on the ground that it did not set out accused's acts, was properly overruled, where the offense was charged in the language of the statute (3 Comp. Laws 1915, § 14994), which defines the nature of the crime, in compliance with the Constitution (article 2, § 19); and if accused desired the particulars (Act No. 175, Pub. Acts 1927), he should have asked for same.

4. CRIMINAL LAW—"OPEN COURT" MUST BE ONE PRESIDED OVER BY JUDGE WHO IS PRESENT.

Court, to be open, in the sense that the trial of an accused must be held in open court, must have a judge presiding, and a judge is not presiding in open court while absent from the courtroom and beyond knowledge of what is going on; if need demands absence of the judge, a recess should be had.

5. SAME—IMPROPER ARGUMENT NOT REVERSIBLE ERROR UNLESS PREJUDICIAL.

Improper argument of the prosecuting attorney during the absence of the judge from the courtroom must be taken as though the judge were present and ruled it permissible, but unless some prejudice to defendant results therefrom, it does not call for reversal.

6. SAME—ALLUSION TO OCCASIONS NOT BEFORE JURY IMPROPER ARGUMENT.

Argument of the prosecuting attorney, in a prosecution for resisting an officer, referring to a gang of rough necks beating officers, was improper, where it made allusion to occasions not before the jury.

7. SAME—OBSTRUCTING JUSTICE—INDICTMENT AND INFORMATION.

Where, in a prosecution for resisting an officer, the information alleged that he was a police officer in and for a certain city and in the performance of his duties as such, there was no error in the court's refusal to direct the prosecuting attorney to inform defendant's counsel whether the officer, in making the arrest, was acting under a city ordinance or State law.

8. SAME—WITNESSES—CROSS-EXAMINATION OF OFFICER.

The court was not in error in not permitting the officer to be questioned as to where he had lived during the past years, and what occupations he had followed, in order to show that he was not able to hold any position, and had been moving from place to place.

9. SAME—REFUSAL TO INSTRUCT AS TO WEIGHT TO BE GIVEN DEFENDANT'S TESTIMONY REVERSIBLE ERROR.

It was reversible error to refuse to give, or cover in the charge given, a requested instruction that accused, under the statute, is allowed to testify in his own behalf; that, where he has done so, his testimony is to be given such weight as, in view of the facts and circumstances shown, it appears to be entitled to; that it is to be tested the same as that of other witnesses; and that if rational, natural, and consistent, it may outweigh the testimony of other witnesses.

Error to the superior court of Grand Rapids; Verdier (Leonard D.), J. Submitted January 18, 1929. (Docket No. 155, Calendar No. 34,057.) Decided March 29, 1929.

Vincent Margelis was convicted of resisting an officer. Reversed, and new trial granted.

*Michael Garvey,* for defendant.

*Wilber M. Brucker,* Attorney General, and *Earl W. Munshaw,* Prosecuting Attorney, for the people.

WIEST, J. Convicted of resisting an officer, defendant prosecutes review by writ of error.

The information charged the resistance in the language of the statute, named the officer, and alleged the duty he was performing. Defendant's motion to quash on the ground that the information did not specifically set out his acts was overruled. The Constitution (Art. 2, § 19) requires that an accused be informed of the nature of the accusation against

him. The statute (3 Comp. Laws 1915, § 14994) defines the nature of the crime here involved. The information informed the accused of the nature of the accusation, but not of the particulars.

The statute, Act No. 175, Pub. Acts 1927, chap. 7, § 44 (criminal code), provides:

"That the prosecuting attorney, if seasonably requested by the respondent, shall furnish a bill of particulars setting up specifically the nature of the offense charged."

The purpose of this is clear, although the employment of the word "nature" was not happy. The information must inform the accused of the "nature" of the accusation, and clearly a defendant is not to be relegated to a bill of particulars in that respect. It does no violence to the statute (criminal code) to give it workable sense by a holding that the office of the bill of particulars is to specifically set forth, in appropriate instances, the means, manner, or method adopted or employed by an accused. In other words, what acts of his are claimed to constitute the crime. This does not at all conflict with, but only adds force to, section 52, chap. 7, of the criminal code, which reads:

"The indictment need contain no allegation of the means by which the offense was committed except in so far as the means is an element of the offense."

One purpose of the criminal code is to simplify and expedite procedure and trials, and, so far as its provisions observe the constitutional rights of an accused, they are to be given effect. The purpose of pleadings in a criminal case is to show jurisdiction, aver commission of a crime, state the nature thereof, and to bring an accused to the bar, to plea, and to trial. Old-time technicalities, relative to form and

not substance, may be brushed aside or cured by amendment. This has been the tendency ever since the first statute of jeofails.

Defendant was informed of the nature of the charge against him, and, if he desired the particulars, he should have asked for the same. Defendant relies upon holdings in *People* v. *Hamilton,* 71 Mich. 340, and *People* v. *Hubbard,* 141 Mich. 96. The information meets the point in the *Hubbard Case,* and the criminal code, by the provision mentioned, takes care of the point in the *Hamilton Case.*

In a motion for a new trial, defendant alleged the absence of the trial judge from the courtroom for a period of 18 minutes, and, during such absence, the assistant prosecuting attorney, in argument to the jury, stated, in substance:

"As long as this gang of rough necks on Leonard street will continue to beat officers, you will see him right here in the courtroom defending these officers."

This allegation was verified by affidavit, and not traversed or denied.

The trial of an accused must be had in open court. Court, to be open, must have a judge presiding. A judge is not presiding in open court while absent from the courtroom and beyond knowledge of what is going on. If need demands absence of the judge, a recess should be had. We are loath, however, to reverse on such ground unless some prejudice, opportunity for which is so permitted, has actually taken place. The argument mentioned must be considered as though the judge were present and ruled it permissible. It was improper argument, because it made allusion to occasions not before the jury. Had the judge been present, we probably would not have the question here. We do not think the argument calls for reversal.

At the trial, the court refused to direct the prosecuting attorney to inform counsel for defendant of whether the officer, in making the arrest, was acting under a city ordinance or the State law. The information alleged he was a police officer in and for the city of Grand Rapids, and in the performance of his duties as such. In any event, an answer to the question would soon have been made by the first witness. Counsel for defendant contends the court was in error in not permitting the officer to be questioned as to where he had lived during past years, and what occupations he had followed, in order to show that the witness was not able to hold any position, and had been moving from place to place. There was no error in the ruling.

Counsel for defendant requested the court to instruct the jury that:

"The respondent, under the statute, is allowed to testify under oath in his own behalf, and it is the duty of the jurors, where he has done so, to give his testimony such weight as, in view of the facts and circumstances shown, it appears to them to be entitled to. His testimony is to be tested the same as that of other witnesses. If rational, natural, and consistent, it may outweigh the testimony of other witnesses."

This request was not given, neither was it covered in the charge. It should have been given, or covered in substance. *People* v. *McArron,* 121 Mich. 1; *People* v. *Hammond,* 177 Mich. 416, 430.

Reversed, and new trial granted.

NORTH, C. J., and FELLOWS, CLARK, McDONALD, and SHARPE, JJ., concurred. FEAD, J., concurred in the result. POTTER, J., did not sit.