PEOPLE *v.* ELMER WEATHERSPOON.

1. INDICTMENT AND INFORMATION—ALLEGATIONS.

It is not indispensable that an information should charge in every detail how, or by what means, or in just what manner the alleged offense was committed or the conspiracy was effected.

2. SAME—AIDING AND ABETTING—SUFFICIENCY.

Information charging that defendant, along with another, committed an assault on a police officer who was then and there engaged in attempting to maintain, preserve, and keep the peace by restraining the other *held*, sufficient to charge defendant with aiding, abetting and counseling the other to commit such an assault under statute which abolishes distinction between accessory and principal (CL 1948, §§ 750.479, 767.39)..

3. CRIMINAL LAW—EVIDENCE—COMMISSION OF ANOTHER CRIME—MOTIVE.

Prosecution is entitled to prove acts which tend to show motive, regardless of possible inferences of prior criminal conduct, if motive is relevant and material to the case (CL 1948, § 768.27).

4. SAME—EVIDENCE—PRIOR ASSAULT—MOTIVE.

Evidence that defendant, charged with assaulting a police officer engaged in the performance of his duties, had been a participant in a criminal incident at a theater on the

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am Jur, Indictments and Information § 51 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 115 *et seq.*
[3] 29 Am Jur 2d, Evidence § 320 *et seq.*
  Admissibility, at trial of criminal case, of evidence of defendant's criminal acts other than those charged—Supreme Court cases. 93 L ed 185.
[4] 29 Am Jur 2d, Evidence § 325.
[5] 29 Am Jur 2d, Evidence § 257 *et seq.*

same day, and had told his brother that he had been assaulted by 5 policemen, *held*, admissible as tending to show motive of retaliation by defendant in making assault charged (CL 1948, §§ 750.479, 768.27).

5. SAME—WITNESSES—RES GESTAE—COMPETENCY.

Witnesses who had seen the commission of an assault on a police officer were not rendered incompetent as witnesses by their inability to identify defendant as one of those who committed the assault, such inability going to the weight of their testimony for consideration by the jury (CL 1948, § 750.479).

Appeal from Kalamazoo; Van Valkenburg (Wade), J. Submitted Division 3 November 10, 1966, at Grand Rapids. (Docket No. 1,560.) Decided March 14, 1967.

Elmer Weatherspoon was convicted of assaulting a police officer who was in the performance of his duty. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Donald A. Burge*, Prosecuting Attorney, and *Michael C. Gergely*, Chief of Appellate Division, for the people.

*Charles E. Martell*, for defendant.

BURNS, J. Defendant appeals a jury conviction for assaulting a police officer in violation of CL 1948, § 750.479 (Stat Ann 1954 Rev § 28.747).

On January 24, 1965, Officer Nevelle of the city of Kalamazoo police department, while on duty, proceeded to and parked at the corner of North and Burdick streets in Kalamazoo. Officer Nevelle was dressed in a police uniform and drove a marked car. While he was bringing a stolen car sheet up

to date, a green Pontiac stopped next to the police car. John Weatherspoon, brother of the defendant and operator of the Pontiac, jumped out, ordered Officer Nevelle out of the car, opened the car door and went "in on top of him."

Although John Weatherspoon was the primary aggressor, Elmer Weatherspoon reached in the patrol car, grabbed Officer Nevelle's jacket and for 3 to 5 seconds tried to pull him out of the car. According to Officer Nevelle's testimony, this was the only instance when Elmer Weatherspoon touched the officer.

In the course of the struggle the officer managed to radio for help. Thereupon, another officer arrived and quieted down John and Elmer Weatherspoon. The Weatherspoons went to the police station where they were arrested.

The information in this case read in part as follows:

"Elmer Weatherspoon, along with John Weatherspoon * * * on or about the 24th day of January, 1965, at the city of Kalamazoo, * * * did then and there knowingly and unlawfully obstruct, resist, oppose and assault one Glenn Nevelle, a duly authorized police officer of the city of Kalamazoo, who was then and there lawfully engaged in his official capacity in attempting to maintain, preserve, and keep the peace, to-wit, attempting to restrain one John Weatherspoon."

At trial the prosecution relied upon 2 theories to substantiate the information. The first theory was to show that Elmer Weatherspoon himself assaulted Officer Nevelle, and the second theory was to show that Elmer Weatherspoon aided, abetted or counseled John Weatherspoon's assault on the officer.

Defendant complains that the use of evidence and argument supporting the second theory was not permissible under the information filed in this case and resulted in reversible error. CL 1948, § 767.39 (Stat Ann 1954 Rev § 28.979), makes every person concerned in the commission of an offense subject to prosecution as if he had directly committed the crime, and has been interpreted in *People* v. *McKeighan* (1919), 205 Mich 367 so as to allow the prosecution's theory. At the trial of the *McKeighan Case, supra,* the people claimed that the defendant induced others to commit a crime. The information, however, charged the defendant as a principal in the commission of the offense. The defendant asserted, as Elmer Weatherspoon asserts in this case, that there was nothing in the information to inform him in what connection it was claimed that he had participated in the offense. The Court held that "the information was clearly sufficient to warrant the conviction."

It must be remembered that:

"It is not indispensable that an information should charge in every detail how, or by what means, or in just what manner the alleged offense was committed or the conspiracy was effected. Often such details would present an insurmountable barrier to prosecution." *People* v. *O'Hara* (1936), 278 Mich 281, 298.

The information in the case at hand fairly apprised the accused and the court of the offense charged, and the prosecution's second theory did not interject error into the case.

Defendant's next claim is that it was error for the trial court to admit testimony which allegedly tended to show the commission of another crime by defendant at a Kalamazoo theater. Although the testimony does not reveal in any great detail the

events at the theater, whatever did take place occurred on the same day of the alleged assault on Officer Nevelle, and the record shows that defendant told his brother, John, that 5 policemen had assaulted Elmer at the theater. Also, Officer Nevelle testified over objection that he proceeded to the corner of North and Burdick in response to a police broadcast that Elmer Weatherspoon was wanted for assault and battery.

The latter reference to a prior assault, standing alone, would ordinarily be reversible error. *People v. Klise* (1909), 156 Mich 373. The prosecutor argued that the basis for the admission of this evidence was to show defendant's motive:

"We are seeking the truth and the truth is that this defendant was involved in the incident at the Capitol Theater; that this defendant's state of mind was such that he was disturbed with policemen generally, and that because of his actions, because of his talking to his brother John, he had precipitated actually his brother John to act."

We think it was proper for the prosecution to apprise the jury of its theory that this theater incident allegedly gave "birth to a purpose." *People v. Kuhn* (1925), 232 Mich 310, 312.

The prosecution is entitled to prove acts which tend to show motive, regardless of possible inferences of prior criminal conduct, if motive is relevant and material to the case. CL 1948, § 768.27 (Stat Ann 1954 Rev § 28.1050).

In *People v. Jones* (1940), 293 Mich 409, an assault and battery action was prosecuted against 2 police detectives. Although reversing on other grounds, the Court held that a letter accusing the defendants of extortion was admissible. On page 415 the Court said:

"Evidence which has any bearing on intent *or motive* is admissible so long as it is within safe bounds of relevance." (Emphasis supplied.)

The admission of the limited amount of testimony concerning the theater incident was clearly relevant and hence admissible as an attempt by the prosecution to ask the jury "to infer a motive of retaliation." *People* v. *Jones, supra,* p 415.

Defendant also claims that 2 witnesses, Mr. and Mrs. Burden, were incompetent to testify and that their testimony was immaterial and irrelevant because the witnesses could not positively identify the defendant. The vehicle in which the Burdens were riding had approached the intersection near the scene of the crime, and they observed activity which at the trial had been described by Officer Nevelle. It is true that these 2 particular witnesses could not identify the accused or his brother, but their inability to identify is not very significant as against the explicit identification by Officer Nevelle and a companion officer who responded to Nevelle's call for help. Mr. and Mrs. Burden were undoubtedly unable to testify as to the question of identity; nevertheless it was proper for them to testify as to other *res gestae* facts, and the degree of weight to be given their testimony because of lack of identification was for the jury's consideration.

Defendant's last 2 issues raised on appeal revolve around an interpretation of the statute which defendant was found to have violated and which we have discussed in *People* v. *John Weatherspoon* (1967), 6 Mich App 229. Defendant's final claims are controlled by *People* v. *John Weatherspoon, supra,* and are without merit.

Affirmed.

McGregor, P. J., and Newblatt, J., concurred.