## PEOPLE v CLARENCE REED

1. ARREST—RESISTING ARREST—ELEMENTS OF CRIME.

   The legality of an arrest is an element of the offense of resisting arrest (MCLA 750.479).

2. ARREST—RESISTING ARREST—LEGALITY OF ARREST—QUESTION OF FACT.

   The legality of defendant's arrest is a question of fact for the jury in a prosecution for resisting arrest (MCLA 750.479).

3. CRIMINAL LAW—OBSTRUCTING AN OFFICER—UNLAWFUL ACTS.

   Obstructing an officer who is not engaged in a lawful act is not unlawful (MCLA 750.479).

4. CRIMINAL LAW—OBSTRUCTING AN OFFICER—INDICTMENT AND INFORMATION—SUFFICIENCY.

   An information charging a person with obstructing an officer must contain a justification of the officer's actions (MCLA 750.479).

5. ARREST—RESISTING ARREST—LEGALITY OF ARREST—BURDEN OF PROOF.

   The legality of a defendant's arrest must be proven by the prosecution when the defendant is charged with resisting arrest (MCLA 750.479).

6. ARREST—LOITERING—LEGALITY OF ARREST—QUESTION OF FACT.

   The trial court erred in ruling that an arrest for loitering was lawful in a jury trial for resisting the arrest where a question of fact existed as to whether the city ordinance prohibiting loitering had been violated by the defendants (MCLA 750.479; Detroit Code § 58-1-10).

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted Division 1 May 2, 1972, at

REFERENCE FOR POINTS IN HEADNOTES
[1–6] 5 Am Jur 2d, Arrest § 94.

Detroit. (Docket No. 12361.) Decided September 27, 1972.

Clarence Reed, Jr., was convicted of obstructing a police officer in the discharge of his duties. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Robert F. Mitchell* and *Thomas J. Olejnik,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and McGREGOR and BRONSON, JJ.

V. J. BRENNAN, P. J. On August 9, 1966, seven men were standing about in front of a barbershop and restaurant in the City of Detroit. The sidewalk at that point was approximately ten feet wide. Four police officers, patrolling the area in an unmarked vehicle, observed this group of men and ordered their dispersal. Four of the seven complied with the officers' order, leaving the defendant, a codefendant, and a third gentleman who was not brought to trial.

After the failure of these three to disperse, the police officers approached them and requested identification. The three gentlemen refused to comply, and the police attempted to place them under arrest for loitering. The defendants resisted arrest, and called to bystanders for assistance, but were nevertheless taken into custody.

Defendant and a codefendant were tried before a

jury in Detroit Recorder's Court on charges of inciting to riot (MCLA 750.505; MSA 28.773)[1] and obstructing a police officer in the discharge of his duties (MCLA 750.479; MSA 28.747). Defendants were acquitted of the former charge, and convicted of the latter. Defendant is here pursuant to this Court's grant of his motion for leave to file a delayed appeal.

On appeal, the defendant argues that the court below erred by failing to instruct the jury that in order to convict him of resisting arrest, the arrest must be lawful. From the record before us it is clear that defense counsel made such a request, as the following excerpt from the transcript indicates:

*"The Court:* Gentlemen?

*(Whereupon comments were made as to request to charge.)*

*"The Court:* Gentlemen, the only thing that we have to determine is whether or not there was a valid arrest and probable cause for arrest. I am going to hold that the arrest is valid.

"The fact of whether or not they are guilty of loitering, is not a question that we should determine here. The only thing that we have to determine is the legality of the arrest and I say that the arrest was valid."

We feel that this ruling by the trial court was erroneous, and that it was necessary for the jury to pass upon the legality of defendant's arrest in order to convict him of resisting arrest. While we find no explicit statement in the law of this state, we feel it is nevertheless clear that the legality of the arrest is an element of the offense of resisting arrest.

The statute under which defendant was charged and convicted provides, in pertinent part, as follows:

---

[1] See also *People v O'Neal,* 22 Mich App 432 (1970).

"Any person who shall knowingly and wilfully * * * obstruct, resist, oppose, assault, beat or wound any of the above named officers, or any other person or persons *authorized by law* to maintain and preserve the peace, *in their lawful acts,* attempts and efforts to maintain, preserve and keep the peace, shall be guilty of a misdemeanor, punishable by imprisonment in the state prison not more than 2 years, or by a fine of not more than 1,000 dollars." (Emphasis added.) (MCLA 750.479; MSA 28.747.)

From the emphasized portion of the statute, it is clear that it is not unlawful to obstruct an officer who is not engaged in a lawful act. Furthermore, the courts of this state have consistently held that when an individual is charged with an offense under this statute, the information must contain a justification of the officer's actions. *People v Hamilton,* 71 Mich 340 (1888); *People v Hubbard,* 141 Mich 96 (1905). On this basis, we conclude that the legality of a defendant's arrest must be proven by the prosecution when a defendant is on trial for resisting arrest.

Furthermore, in this case, there was ample evidence introduced at trial which could lead the jury to conclude that defendant's arrest was illegal. First, the police officers testified that they determined to place defendant under arrest for loitering, which is a misdemeanor under the ordinances of the City of Detroit. A police officer, acting without a warrant, may only arrest an individual for the commission of a misdemeanor when that misdemeanor is committed in the officer's presence. The pertinent statute provides:

"Any peace officer may, without a warrant, arrest a person—
"(a) For the commission of any felony or misdemeanor committed in his presence * * * ." (MCLA 764.15; MSA 28.874.)

The loitering ordinance of the City of Detroit provides as follows:

"It shall be unlawful for any person to loiter on any street, sidewalk, overpass or public place. For the purpose of this article, loitering is defined as the act of standing or idling in or about any street, sidewalk, overpass or public place so as to hinder or impede or tend to hinder or impede the passage of pedestrians or vehicles." Detroit City Code § 58-1-10.

It is obvious that whether three men standing on a ten-foot sidewalk hindered or impeded or tended to hinder or impede the passage of pedestrians is clearly a question of fact which must be resolved by the jury. The error committed below was therefore clearly prejudicial.

Reversed and remanded.

All concurred.