PEOPLE v DAVENPORT

Opinion of the Court

1. Arrest—Resisting Arrest—Legality of Arrest—Burden of Proof.

A defendant is entitled to resist an illegal arrest; the burden of proof is therefore on the prosecution to prove that the arrest resisted was a legal arrest.

2. Arrest—Legality of Arrest—Subsequent Acquittal.

In a trial for resisting arrest the fact that a defendant was acquitted of the crime for which he was arrested has no bearing upon the legality of the arrest.

3. Arrest—Without Warrant—Peace Officers—Misdemeanors.

A police officer may arrest a person for a misdemeanor without a warrant if the misdemeanor was committed in the officer's presence or if, from personal observations, the officer has reason to believe that a misdemeanor was committed in his presence (MCLA 764.15[a]).

4. Arrest—Peace Officers—Misdemeanors—Reasonableness.

A police officer has reason to believe that a misdemeanor has been or is being committed in his presence if the circumstances observed by him would lead a reasonable person to conclude that he was witnessing the commission of a misdemeanor by the person arrested.

5. Arrest—Misdemeanors—Resisting Arrest—Collateral Estoppel.

The principle of collateral estoppel was not applicable to bar prosecution of a defendant on the charge of resisting arrest after his acquittal on the charges for which he was originally arrested because in the defendant's first trial for the use of vile

References for Points in Headnotes
[1] 5 Am Jur 2d, Arrest § 94.
[2] 5 Am Jur 2d, Arrest §§ 116, 117.
[3, 6] 5 Am Jur 2d, Arrest §§ 26, 28.
[4, 5, 7] 5 Am Jur 2d, Arrest §§ 24, 25.

and obscene language the issue was the defendant's guilt, while the issue in the resisting arrest trial was whether or not the police officer acted as a reasonable person in determining if a misdemeanor was committed in his presence.

DISSENT BY BRONSON, P. J.

6. ARREST—WITHOUT WARRANT—PEACE OFFICERS—MISDEMEANORS.

*A police officer may arrest a person without a warrant only for misdemeanors committed in his presence (MCLA 764.15).*

7. ARREST—MISDEMEANORS—RESISTING ARREST—COLLATERAL ESTOPPEL.

*A jury verdict of not guilty on a misdemeanor charge acts to collaterally estop the prosecution from relitigating the issue of whether the defendant committed a misdemeanor; prosecution of the defendant for resisting the misdemeanor arrest is therefore barred since the issue of the commission of a misdemeanor, which is an indispensable element of the resisting arrest charge, has been decided adversely to the people.*

Appeal from Ingham, Jack W. Warren, J. Submitted Division 2 December 5, 1972, at Lansing. (Docket No. 14213.) Decided April 25, 1973. Leave to appeal granted, 390 Mich —.

Theodore Davenport was convicted of resisting arrest. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*H. James Starr,* for defendant.

Before: BRONSON, P. J., and R. B. BURNS and DANHOF, JJ.

R. B. BURNS, J. When a police officer attempted to arrest defendant without a warrant for the misdemeanor of being a disorderly person by uttering obscene words in public, defendant resisted. A

district court jury found defendant not guilty of the charge of being a disorderly person. Lansing ordinances, ch 22, § 22–13(7). Some months later a circuit court jury convicted defendant of the felony of resisting arrest. MCLA 750.479; MSA 28.747.

Prior to his trial in circuit court defendant timely moved to dismiss the charge of resisting arrest. He claimed that his acquittal on the charge of being a disorderly person was a finding that the arrest he admittedly resisted was an illegal arrest, that the principle of collateral estoppel prohibited relitigation of the legality of that arrest, and that therefore the prosecution could never prove that he resisted a legal arrest. The motion was denied. The trial judge held that a police officer is entitled to arrest an individual for a misdemeanor without a warrant if that officer has reason to believe from personal observation that the individual is committing or has just committed a misdemeanor in the officer's presence. He also held that an acquittal establishes only that the jury doubted defendant's guilt, not that the arresting officer had no reason to believe that a crime was being committed in his presence.

Defendant appeals the denial of his motion to dismiss.

If his arrest for being a disorderly person was illegal, defendant was entitled to resist that arrest. *People v Krum,* 374 Mich 356 (1965), *cert den,* 381 US 935; 85 S Ct 1765; 14 L Ed 2d 699 (1965). The burden is on the prosecution to prove that the arrest resisted was a legal arrest. *People v Clarence Reed,* 43 Mich App 51 (1972).

The fact that defendant was acquitted of using vile and obscene language has no bearing upon the legality of the arrest, any more than the finding of guilty in a criminal proceeding would legalize an

arrest unlawful when made. *Coverstone v Davies,*
38 Cal 2d 315, 322; 239 P2d 876, 880 (1952), *cert
den sub nom, Mock v Davies,* 344 US 840; 73 S Ct
50; 97 L Ed 653 (1952).

A police officer may arrest an individual for a
misdemeanor without a warrant if the misde-
meanor was committed in the officer's presence or
if, from personal observations, the officer has rea-
son to believe that a misdemeanor was committed
in his presence. MCLA 764.15(a); MSA 28.874(a).
*People v Bishop,* 30 Mich App 204 (1971); *People v
Dixon,* 45 Mich App 64 (1973).

A police officer has reason to believe that a
misdemeanor has been, or is being, committed in
his presence if the circumstances observed by him
would lead a reasonable person to conclude that
he was witnessing the commission of a misde-
meanor by the person arrested. *Coverstone v Dav-
ies, supra.*

The principle known as collateral estoppel is
applicable to civil and criminal cases alike. When
a question of fact is put in issue and determined
by a competent trier of fact it cannot afterwards
be disputed between the same parties. *Simpson v
Florida,* 403 US 384; 91 S Ct 1801; 29 L Ed 2d 549
(1971); *People v Albers,* 137 Mich 678 (1904).

However, the principle is not applicable in the
present case. In the defendant's trial for the use of
vile and obscene language the issue was the de-
fendant's guilt. In the present case the issue is
whether or not the police officer acted as a reason-
able person in determining if a misdemeanor was
committed in his presence. The jury determined
the officer acted reasonably.

Affirmed.

Danhof, J., concurred.

BRONSON, P. J. *(dissenting).* Believing that the narrow strictures of the statutory authority permitting police officers to arrest persons for misdemeanors conforms with defendant's allegation, I must dissent.

It is axiomatic that the prosecution must establish the legality of defendant's arrest when he is on trial for resisting arrest. *People v Reed,* 43 Mich App 51 (1972). This conclusion is dictated by the fact that the language of the statute under which defendant was charged[1] proscribes only those attempts to resist police officers while "in their *lawful* acts". (Emphasis added.) If the arrest is unlawful, a person is justified in using such reasonable force as is necessary to prevent or resist the arrest. *People v Gray,* 23 Mich App 139 (1970), and *People v Bonello,* 25 Mich App 600 (1970), citing *People v Krum,* 374 Mich 356 (1965), *cert den,* 381 US 935; 85 S Ct 1765; 14 L Ed 2d 699. It is at this point that my agreement with the majority ceases.

Defendant was arrested for allegedly committing the misdemeanor of being a disorderly person by uttering obscene words in public. The validity of the charge of resisting arrest predicated upon this misdemeanor appropriately depends upon the scope of police officers' statutory authority to arrest persons for the commission of misdemeanors. MCLA 764.15; MSA 28.874, in pertinent part provides:

"Any peace officer may, without a warrant, arrest a person—

"(a) For the commission of any felony or *misdemeanor committed in his presence;*

\*   \*   \*

"(c) When a *felony* in fact has been committed and he

[1] MCLA 750.479; MSA 28.747.

has *reasonable cause to believe* that such person has committed it;

"(d) When he has *reasonable cause to believe* that a *felony* has been committed and *reasonable cause to believe* that such person has committed it * * * ." (Emphasis added.)

This language indicates that a police officer may arrest a person without a warrant only for misdemeanors committed in his presence. The modifying phrase, "reasonable cause to believe", is significantly absent from the provision regarding misdemeanors and applies only to felonies.

The majority has rewritten the clear language of the statute by relying upon the new rule enunciated in *People v Dixon,* 45 Mich App 64 (1973), which provides that a police officer may arrest a person "if, from personal observations, the officer has reason to believe that a misdemeanor was committed in his presence". This alternative standard of "reasonable belief" obfuscates the distinction drawn by the statute between the different tests employed to determine the validity of arrests for misdemeanors and felonies.

A "reasonable belief" standard validates the arrest based upon the reasonableness of the officer's subjective determination. This less stringent standard is applied to felonies because of the increased dangers created by these more serious offenses. The stricter statutory requirement that misdemeanors be committed in the presence of the officer guarantees that citizens will not be arrested for minor infractions upon the basis of another's accusation or circumstantial evidence.

The effect of employing the standard relied upon by the majority is to change the focus of the inquiry from the actual conduct at issue to the

police officer's subjective determination. I cannot accept this substantive change in the statute, believing that the validity of misdemeanor arrests must rise or fall upon the subsequent objective determination of the truth of the facts precipitating the charge at trial. The majority's reliance upon the police officer's reasonable belief to sustain this defendant's arrest ignores both the clear language of the statute and underlying rationale for the felony-misdemeanor distinction.

The ramifications of adopting the approach taken by the majority opinion are ominous. Although the "reasonable belief" standard is limited to conduct within the officer's presence, it creates a potential risk that it will be indiscriminately applied to justify arrests for misdemeanors based upon conduct outside the officer's presence. The oversight of this critical modifying phrase, "committed in his presence", by lower courts attempting to implement the standard creates a foreseeable abuse. Likewise, this approach provides the police with an inherently dangerous device to circumvent the prosecutor's function of authorizing warrants for misdemeanors committed outside the presence of police officers.

The instant case presents an unfortunate example of the primary danger created by the "reasonable belief" standard. The issue of whether defendant actually committed the underlying misdemeanor was propitiously decided by the district court jury verdict of not guilty. The finality of this jury verdict regarding a disposition upon the truth of the facts is subverted by an application of the majority's new test to permit a second determination of what is the very same issue, *i.e.,* did defendant commit a misdemeanor? The people have had their day in court, and I would find that they are

collaterally estopped[2] from relitigating this issue, which is an indispensable element of the resisting arrest charge.[3] Since the issue of the commission of a misdemeanor has been decided adversely to the people, the policeman's authority to arrest defendant has vanished and cannot be reinstated by his belief, albeit reasonable, that defendant has been or was committing a misdemeanor in his presence.

Not finding any authority for this Court to rewrite the challenged statute to add the modifying phrase, "reason to believe", to the subsection governing misdemeanors, I dissent.

[2] *People v Jacoboni*, 34 Mich App 84 (1971).

[3] *People v Reed*, 43 Mich App 51 (1972).