PEOPLE v KELLEY

OPINION OF THE COURT

1. INDICTMENT AND INFORMATION—SUFFICIENCY OF INFORMATION—OB-
STRUCTING OR RESISTING OFFICER—STATUTES.

An information sufficiently apprised a defendant of the nature of
the offense with which he was charged where he was charged
with obstructing or resisting a police officer and the informa-
tion specifically alleged the lawful acts which the police officer
was performing and in which he was resisted or obstructed
(MCLA 750.479, 767.45; MSA 28.747, 28.985).

2. INDICTMENT AND INFORMATION—SPECIFIC ACTS OF DEFENDANT—
LANGUAGE OF STATUTE.

An information need not allege the specific acts of a defendant
which are claimed to have constituted the crime charged; it is
sufficient if the acts of the defendant are phrased in the
language of the statute.

3. CRIMINAL LAW—OBSTRUCTING OR RESISTING OFFICER—PHYSICAL
INTERFERENCE—STATUTES.

Actual physical interference is not required to be proved in order
to sustain a conviction for obstructing or resisting a police
officer in the course of his investigation (MCLA 750.479; MSA
28.747).

4. CRIMINAL LAW—OBSTRUCTING OR RESISTING OFFICER—ARREST—IN-
STRUCTIONS TO JURY—ELEMENT OF CRIME CHARGED—STATUTES.

A trial court properly refrained from instructing the jury that
they must make a determination of the legality of a defend-
ant's arrest, as an element of the crime charged, where the

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur 2d, Obstructing Justice §§ 25, 28.
[2] 41 Am Jur 2d, Indictments and Informations § 69.
[3] 58 Am Jur 2d, Obstructing Justice § 12.
[4] 75 Am Jur 2d, Trial § 710.
[5] 5 Am Jur 2d, Appeal and Error § 810.
[6, 8] 75 Am Jur 2d, Trial § 906.
[7] 5 Am Jur 2d, Appeal and Error § 811.

defendant was not charged with resisting his arrest but with obstructing the arresting officer's investigation of a traffic accident prior to the defendant's arrest (MCLA 750.479; MSA 28.747).

5. Appeal and Error—Criminal Law—Instructions to Jury—Crime Other Than That Charged.

  A jury instruction which will permit the conviction of a defendant upon proof of some criminal act other than that charged is erroneous and requires reversal.

6. Criminal Law—Evidence—Instructions to Jury—Evidence of Other Crime—Appeal and Error.

  A trial judge has no absolute requirement to *sua sponte* give a limiting jury instruction whenever evidence has been admitted at trial tending to show a defendant's guilt of crimes not charged; however, a conviction should be reversed in the absence of such an instruction where the instructions as given were objected to by the defense, and where upon review of the entire record the Court of Appeals is convinced that there was a substantial possibility that the defendant may have been convicted of a crime with which he was not charged.

7. Appeal and Error—Criminal Law—Instructions to Jury—Reversal—Erroneous or Misleading Instructions.

  A case may be reversed because of an erroneous or misleading jury instruction as opposed to one which merely omits a pertinent though not legally necessary point, even absent a request for a jury instruction or an objection to the instructions as given.

Dissent by V. J. Brennan, J.

8. Appeal and Error—Criminal Law—Evidence—Evidence of Other Crime—Instructions to Jury—Failure to Object—Request for Instructions.

  *A conviction for the crime of obstructing a sheriff's deputy in the legal performance of his duty in investigating an accident should not be overturned because of an allegation that the trial court failed to instruct that the jury should not consider references to defendant's resistance to an alleged illegal arrest by the deputy where the defendant failed to object to the admission of testimony concerned with his resistence to an allegedly illegal arrest or to request a limiting instruction in regard thereto.*

Appeal from Eaton, Willard L. Mikesell, J. Submitted January 12, 1977, at Lansing. (Docket No. 27069.) Decided October 10, 1977.

Frederick A. Kelley was convicted of obstructing a police officer in the course of his duty. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul F. Berger,* Prosecuting Attorney, and *Chester S. Sugierski, Jr.,* Assistant Prosecuting Attorney, for the people.

*Joseph D. Reid* and *Lawrence J. Emery,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P. J., and V. J. BRENNAN and BRONSON, JJ.

BRONSON, J. Defendant was jury convicted and sentenced on a charge that he:

"[D]id knowingly and wilfully obstruct, resist, oppose, assault, beat or wound, Deputy Dennis Kellogg, a police officer with the Eaton County Sheriff's Department, while said officer was engaged in lawful acts, attempts and efforts to maintain, preserve and keep the peace, to-wit: while policing an accident; Contrary to 750.479, C.L. 1948; M.S.A. 28.747."

A brief summary of the circumstances of this case is necessary to place defendant's appellate contentions into perspective. It seems that an acquaintance of defendant's, a Mr. Francis Sabrowsky, had driven his car off a road and into a ditch in rural Eaton County. Mr. Sabrowsky was apparently not injured to any great degree, as he proceeded to get out of the car and walk down the road to defendant's house where he requested

assistance. Defendant agreed, and the two men drove back to the scene of the accident on defendant's tractor.

Defendant and Mr. Sabrowsky managed to pull the car out of the ditch with defendant's tractor, and were changing a tire on the car when Eaton County Deputy Sheriff Dennis Kellogg arrived on the scene, in response to a call from a nearby resident. Deputy Kellogg began an investigation of the accident and eventually placed Mr. Sabrowsky under arrest for driving while intoxicated. Mr. Sabrowsky went peaceably to sit in the back seat of the patrol car and Deputy Kellogg began writing an accident report.

At this time, defendant initiated a conversation with the deputy as to whether he, defendant, could tow his friend's car away to save the towing charge. Deputy Kellogg, after calling his headquarters on his car radio, told defendant that the vehicle would have to be towed in by an authorized wrecker service and impounded.

According to the deputy's trial testimony, defendant still refused to take "no" for an answer and continued to insist that he be permitted to tow the car away. Deputy Kellogg again refused. He then requested, and eventually ordered, the defendant to unhitch his tractor from Mr. Sabrowsky's car and leave the scene.

Further testimony by Deputy Kellogg, as well as some (though not all) of the other eyewitnesses, indicated that defendant refused to leave upon request, began making abusive, sarcastic, and obscene remarks to Deputy Kellogg, asked the deputy for his badge number, and, upon receiving an unsatisfactory reply, informed Deputy Kellogg that he had no authority to make him, the defendant, do anything.

Deputy Kellogg then told the defendant he was under arrest for disorderly conduct.

Defendant physically resisted the arrest, but was eventually subdued.

On appeal, defendant claims error in several related respects, all of which were raised in the trial court in some manner.

Defendant first asserts that the information was misleading and thus did not sufficiently inform him of the charge against which he was required to defend at trial.

We have already quoted the information. It was sufficient to apprise defendant of the nature of the offense charged. See MCLA 767.45; MSA 28.985. As required, the information specifically alleges the lawful acts which the police officer was performing and in which he was resisted or obstructed. See *People v Weatherspoon,* 6 Mich App 233; 148 NW2d 891 (1967), *People v Hubbard,* 141 Mich 96; 104 NW 386 (1905).

It was not necessary for the information to allege the specific acts by the defendant which are claimed to have constituted the crime. Rather, a charge in which the acts by the defendant are phrased in the language of the statute, as was done in this information, is sufficient. *People v Margelis,* 246 Mich 459; 224 NW 605 (1929).

Perhaps anticipating this ruling on the sufficiency of the information, defendant argues alternatively that the crime proved at trial was not that charged in the information. Defendant takes the position that the evidence showed at most only a resistance to an arrest, and no other obstruction of a police officer. Defendant asserts that there was consequently a fatal variance between the information and the proofs.

Plaintiff takes the position that the evidence was

sufficient to show that defendant, prior to his arrest, had knowingly and wilfully obstructed or resisted Deputy Kellogg in the investigation of the accident and the preparation of an accident report, a lawful duty of a police officer. MCLA 257.621; MSA 9.2321.

The testimony which has been outlined above supports plaintiff's position. If accepted by a jury, that evidence could have formed the basis for a conviction under the statute. The evidence shows a marked resemblance to that held to be sufficient in *People v Krum,* 374 Mich 356; 132 NW2d 69 (1965), the only significant difference being that in *Krum,* the defendant had brushed against the state trooper in addition to otherwise interfering with his duties. *Krum, supra,* 359. However, actual physical interference is not required to be proved to sustain a conviction under the statute. *People v King,* 236 Mich 405; 210 NW 235 (1926).

Defendant also presents alternative arguments on his second appellate issue, which broadly asserts that the case was not properly placed before the jury.

One argument is that the jury was not instructed on an essential element of the charged offense. Specifically, defendant claims error in the trial court's failure to instruct the jury that the legality of defendant's arrest was an element of the charged offense, that the jury was required to determine whether the deputy had sufficient cause to effect an arrest of defendant, and that it was the prosecutor's duty to prove the legality of the arrest beyond a reasonable doubt. Defendant relies on *People v Clarence Reed,* 43 Mich App 51; 203 NW2d 756 (1972).

Plaintiff responds that this argument is fallacious because defendant was not charged with

resisting his arrest, but rather with obstructing Deputy Kellogg's investigation of the accident prior to the arrest. Under plaintiff's theory, the legality of the arrest itself would not be an element of the charged offense, though a finding that defendant was guilty of obstructing the accident investigation would also amount to a conclusion that the arrest itself was legal.

Plaintiff also points out that the trial court did generally instruct the jury that the prosecutor was required to prove that the officer was involved in the legal performance of his duties when interfered with by defendant.

Again, plaintiff's position on this issue would appear to be sound. Plaintiff has consistently taken the position in the information, in his opening statement and closing arguments below, and in his brief on appeal, that defendant was *not* charged with resisting his arrest but rather with obstructing the accident investigation prior to the arrest. Under the circumstances, a jury charge defining a legal arrest and naming it as an essential element of the prosecutor's case would clearly be inappropriate.

All of this leads us to the defendant's alternative argument on the presentation of the case to the jury, an argument in which we find much merit. In effect, defendant argues that the trial judge erred reversibly in failing to instruct the jury that defendant could not be convicted based on his physical resistance to his arrest unless the jury first found that defendant's actions prior to the arrest amounted to a resisting or obstructing of Deputy Kellogg's accident investigation, forbidden by the statute under which defendant was charged, and rendering defendant's arrest legal.

It is plain that defendant's argument is erro-

neous in one respect. Defendant again erroneously assumes that the jury could have convicted him because of his resistance to the arrest. Defendant concedes too much by claiming only that the jury could not have convicted him for resisting an illegal arrest, as the plaintiff has made clear throughout these proceedings that defendant was not charged with and could not have been convicted of resisting the arrest itself, legal or not.

Defendant's point is otherwise well taken. The proofs presented at trial showed not only defendant's actions prior to the arrest, but went into great detail as to the defendant's acts of physical resistance to the arrest itself. This evidence went in without objection, and its admissibility is not challenged on this appeal.

Whatever reason defense had for not objecting to this evidence, and whether or not the evidence was in fact admissible is not before us. The fact remains that the evidence was admitted and that the trial judge did not inform the jury that a conviction could not be premised on defendant's physical resistance to his arrest, as it could not under the theory of this case consistently adhered to by the plaintiff. The prejudice to defendant was that the jury, which was informed neither to disregard defendant's actions in response to his arrest nor that the arrest would have been illegal, and thus justifiably resisted, unless effected by the deputy because of a misdemeanor committed in his presence, could have concluded that while defendant was not guilty of any offense prior to his arrest, his resistance to the arrest, presumably legal as far as the jurors knew, was sufficient grounds for conviction.

It is plain that a defendant may not be convicted of a crime for which he has not been charged. A

jury instruction which will permit the conviction of the defendant upon proof of some criminal act other than that charged is erroneous and requires reversal. *People v Schilling,* 110 Mich 412; 68 NW 233 (1896), *Hull v People,* 41 Mich 167; 2 NW 175 (1879), *People v Jenness,* 5 Mich 305 (1858).

We recognize that a trial judge has no absolute requirement to *sua sponte* give a limiting instruction whenever evidence has been admitted at trial tending to show defendant's guilt of crimes not charged. *People v DerMartzex,* 390 Mich 410; 213 NW2d 97 (1973). But in this case, several factors militate towards the conclusion that reversal is required in order to avoid a possible miscarriage of justice.

In the first place, defense counsel did raise an objection to the trial court's instructions. We would be less than candid if we said that the objection and argument constituted an unequivocal request that the jury be told that defendant's resistance to the arrest could not form the basis of a conviction. At the least, however, the objection must be construed as a request that defendant's theory of the case, that he had committed no crime prior to the arrest, that the arrest was therefore illegal, and that his resistance was justified, be presented to the jury. Had the trial judge given the jury such an instruction, much of the prejudice complained of now would have been obviated, as the jury would then have been unable to convict defendant for resisting the arrest unless they had also found him guilty of obstructing the accident investigation.

Moreover, our review of the entire record convinces us that there was a substantial possibility that defendant may have been convicted of a crime not charged. The evidence that defendant

had obstructed the accident investigation prior to his arrest, though sufficient to permit conviction, was far from overwhelming. The testimony as to what defendant had done in this time period was conflicting, not only as between Deputy Kellogg and the defendant, but also as between the bystanders who had no apparent motivation to prevaricate. In contrast, defendant readily admitted physically resisting his arrest.

Adding to the possibility of prejudice is the fact that the offense proved but not charged constituted a violation of the same statute and occurred at the same time and place as the charged offense. The possibility that the jury may have been confused, and convicted defendant of the uncharged offense, is substantially greater than in the usual case, such as *DerMartzex, supra,* where the other offenses shown occurred at some remote time or place.

Indeed, the trial court instructions themselves verge on affirmatively confusing the jury as to what acts by the defendant could have formed the basis of a conviction. The information charging that defendant did "obstruct, resist, oppose, assault, beat, or wound" Deputy Kellogg was read to the jury. Even though there was no evidence that defendant had assaulted, beaten, or wounded Deputy Kellogg other than in resisting his arrest, the trial judge instructed the jury that proof of any of the foregoing actions by defendant could prove one element of the charged offense. Assault was defined for the jury, though irrelevant under the charge, the proofs, and the prosecutor's theory of the case. The result of these instructions, having no application to the charged offense, may well have been to mislead the jury into thinking that they could convict the defendant on the basis of

defendant's assaulting, beating, or wounding Deputy Kellogg upon being placed under arrest.

Even absent request or objection, a case may be reversed because of an erroneous or misleading charge as opposed to one which merely omits a pertinent though not legally necessary point. *People v Liggett,* 378 Mich 706, 714; 148 NW2d 784 (1967). See, also, *People v Townes,* 391 Mich 578; 218 NW2d 136 (1974).

Under the circumstances, we are forced to conclude that defendant may have suffered a miscarriage of justice. We think there was a substantial likelihood that defendant may have been convicted for his resistance to the arrest, even though the arrest may have been illegal. Defendant is entitled to have a properly instructed jury pass on the evidence of the offense charged.

Reversed and remanded for a new trial.

D. E. HOLBROOK, JR., P. J., concurred.

V. J. BRENNAN, J. *(dissenting).* In a case where defendant has failed to object to the admission of testimony concerning resistance to an alleged illegal arrest or to request a limiting instruction in this regard, I would not overturn defendant's conviction for the crime of obstructing Deputy Kellogg in the legal performance of his duty. *People v DerMartzex,* 390 Mich 410; 213 NW2d 97 (1973).

In *DerMartzex,* the Michigan Supreme Court refused to overturn defendant's conviction in a prosecution for assault with intent to commit rape where the complaining witness and the prosecutor at various times explicitly described evidence which would amount to separate criminal offenses for which defendant was not charged. In that case, as in the present situation, no objection to such testimony or characterization was made during

trial and no request for a limiting instruction was made. In declining to reverse on this point, the Supreme Court observed that defense counsel may have failed to object or request a limiting instruction because he thought reference to any other crimes might be counter-productive to his defense on the crime charged.

I perceive no distinction between *DerMartzex* and the present case. Defendant was charged with obstructing Deputy Kellogg in the proper performance of his duty. The evidence presented at trial clearly supported this charge. To say that defendant's conviction should be reversed because the trial court failed *sua sponte* to instruct that reference to defendant's resistance to Deputy Kellogg's allegedly illegal arrest, thereby supposing the jury may have convicted the defendant not of the charged offense but of another separate offense, does not seem consistent with the facts or with *DerMartzex.* If defendant was worried about references he himself made to a possible separate offense, I might expect him to object or at the least request a limiting instruction. In the absence of such action on defendant's part, I do not believe the trial court should be reversed for not *sua sponte* so instructing.