# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 28, 2007

Clifford W. Taylor,
Chief Justice

131985

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

      SC: 131985
      COA: 259087
      Oakland CC: 2003-191368-FH

CONSTANCE SCHENK,
      Defendant-Appellee.
_____/

On order of the Court, the application for leave to appeal the July 6, 2006 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE, in part, the judgment of the Court of Appeals, holding that defense counsel was ineffective for failing to request a limiting instruction regarding the consideration of the defendant's actions in resisting arrest as evidence of obstructing a police officer, and REINSTATE defendant's conviction for obstructing a police officer, MCL 750.81d. The record does not support the Court of Appeals conclusion that jurors were confused about whether the defendant's post-arrest behavior could be considered in their deliberations on the charge of obstructing a police officer. As recognized by both the Court of Appeals majority and dissent, "the prosecutor consistently presented that his theory of the case was that the offense occurred when defendant attempted to get around Officer Porta before defendant was arrested." While evidence of the defendant's post-arrest behavior was presented, it was used by the parties only to address the question of whether the defendant was the victim of police abuse. Therefore, there was no substantial likelihood of juror confusion justifying a reversal of the defendant's conviction pursuant to *People v Kelley,* 78 Mich App 769 (1977). Furthermore, as trial counsel clearly used the defendant's post-arrest acts to support the defense theory of police misconduct, the Court of Appeals clearly erred by concluding that there was no sound trial strategy that would include foregoing a limiting instruction pursuant to *People v Kelley, supra.* In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 28, 2007

_____
Clerk

s0321