GOURLAY *v.* INSURANCE COMPANY OF NORTH AMERICA.

1. APPEAL AND ERROR—DIVIDED COURT—RES JUDICATA—LAW OF CASE.

While a decision by an equally divided court may not be conclusive in other subsequent causes, having different parties, it operates as a rule of law binding upon the same litigants in a later appeal; hence, after such opinion sustaining the trial court which overruled a demurrer to plaintiff's declaration, the Supreme Court will treat the parties as concluded by the determination in the former appellate proceedings upon a review of the evidence offered in support of plaintiff's averments.

2. INSURANCE—BURDEN OF PROOF—WANT OF CONSIDERATION—EVIDENCE.

In an action upon an insurance policy the burden was not upon plaintiff to show a consideration for attaching a loss payable clause stating that the insurance should be payable to the insured or his vendor as their interests might appear; it rested upon the defendant to establish its contention if it relied upon lack of consideration,—an affirmative defense.

Error to Eaton; Smith, J.   Submitted October 20, 1915.   (Docket No. 35.)   Decided December 21, 1915.

Assumpsit by Joseph G. Gourlay and another against the Insurance Company of North America on a policy of insurance.   Judgment for plaintiff.   Defendant brings error.   Affirmed.

*Walters & Hicks*, for appellant.

*Cummins & Nichols*, for appellees.

OSTRANDER, J.   This cause was here upon demurrer. The demurrer challenged the right of plaintiffs to recover upon the policy of insurance and the facts alleged in the declaration.   The trial court overruled the demurrer, resolving against defendant every point relied upon.   The judgment of the trial court was affirmed by this court, the justices being evenly divided. 181 Mich. 286 (148 N. W. 258).   The judgment of this court was that the judgment below be affirmed.   A rehearing was denied.

Defendant pleaded issuably and the cause was tried, resulting in a judgment for plaintiffs; plaintiffs proving, substantially, the facts stated in their declaration. In seeking a review of the judgment, no questions are presented which were not involved upon the consideration of the demurrer.   (A claim and concession appear which will be noticed later.)   It is said by appellant that because the judges were evenly divided upon the questions of law presented upon the hearing of the demurrer, so that by operation of law the judgment of the lower court was affirmed, no controlling rulé of law and no controlling decision of the questions now presented were announced.   Undoubtedly, no rule was made by the decision for other like cases.   It may be conceded, too, that this court has the power to now reverse its former judgment and, for that purpose

power to consider again the questions and arguments heretofore and now presented by appellant.

It has been the practice to regard the judgment of this court when entered of necessity and not by a concurrence of the opinions of the justices as no different, in effect, from a judgment entered by the vote of a majority of the justices. As was said in *Lyon* v. *Circuit Judge,* 37 Mich. 377:

"The same reasons of public policy, in favor of the conclusiveness of the judgment, apply to such cases as to others. The case has been heard and determined, and the public interest and the interest of the parties alike demands that there shall be an end of litigation."

There has been no departure from this rule. There are exceptions, as when a prior decision is erroneous, recognized in some of the States; but the weight of authority and of reason is in support of the rule that a prior decision is conclusive of the same question on a subsequent appeal; is the law of the case. See the cases collected in a note, 34 L. R. A. 321.

Conceding this to be the rule, what difference does it make that the former judgment of this court was entered upon a demurrer to the declaration, which demurrer denied the right of plaintiffs to recover upon the state of facts alleged in the declaration? No good reason is suggested for holding the judgment of this court conclusive in one case and not in the other, although counsel for appellant plausibly urge various reasons for so doing. In the last analysis, the argument is, and in any like case it must be, addressed to the proposition that the former decision was erroneous, for whatever reason entered, and that by a concurrence of opinion the justices should have agreed to a different conclusion and result.

It is conceded by appellees that one question is open to appellant, which is whether there was consideration for the addition to the policy of the loss payable clause.

As ground for a directed verdict in its favor, defendant urged:

"*Ninth.* That the 'loss payable' clause attached to the policy of insurance declared upon was attached after the issuance of said policy, and that no consideration passed from the plaintiff to the defendant which could support a policy running to the plaintiffs.

"*Tenth.* That no consideration passed from plaintiff to defendant at the time the 'loss payable' clause was attached, which would support a waiver of defendant's rights under the policy of insurance sued upon."

It is said by appellant, in argument:

"There is no escape from the conclusion that, if a new insured party is brought into the policy contract by the loss payable clause, then there must be a new consideration shown therefor, for the entering into of the new contract, and for the waiver by the company of the important safety clauses of the policy."

The point is not open, is ruled by the former decision and judgment. The language employed in the opinion of Mr. Justice MOORE affirms the right of the plaintiffs to recover upon the policy of insurance in view of the facts alleged and proven. As I read it, it cannot be construed as making plaintiffs' right to recover dependent upon proof of any new consideration moving to defendant for attaching the rider, whatever the legal consequences of attaching it may be.

Assuming the question to be undecided, and important as a question of fact, upon whom rested the obligation to prove a want of consideration? Not upon the plaintiffs. Defendant offered no testimony, and elicited none from plaintiffs, tending to prove a want of consideration.

It follows that the judgment must be, and it is, affirmed.

BROOKE, C. J., and PERSON, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.