PEOPLE v DEMBINSKI

1. CRIMINAL LAW—ELEMENTS OF CRIME—BURDEN OF PROOF—PROSE-CUTORS—REASONABLE DOUBT.

   A prosecutor is required to prove beyond a reasonable doubt that a defendant has committed all of the elements of the crime charged, and where sufficient evidence exists to sustain a verdict of guilty beyond a reasonable doubt, the verdict of the jury will not be disturbed on appeal.

2. ARREST—STREET DETENTION—REASONABLENESS—POLICE INKLING—SPECIAL CIRCUMSTANCES—COOPERATION.

   A police officer must act reasonably when detaining a person on the street but a mere police inkling may suffice to invoke inquiry; absent special circumstance, the person approached may not be detained or frisked but may refuse to cooperate and go on his way.

3. ARREST—RESTRAINT OF FREEDOM—REASONABLENESS—AVAILABLE FACTS—POLICE—INTRUSIONS—HARASSMENT.

   A police officer has "seized" a person whenever he accosts him and restrains his freedom to walk away and such a seizure to be justified must be reasonable in light of the facts available to the officer; police intrusions that do not constitute a "seizure" may nevertheless be unlawful where harassment, bad faith or pretext are shown.

4. EVIDENCE—MATERIALITY—RELEVANCE—COURTS—DISCRETION—ABUSE OF DISCRETION.

   The materiality and relevance of offered evidence is a matter to be determined by the trial court in its discretion; where that discretion is not abused it will be upheld on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur 2d, Evidence § 1172.

[2, 3] 5 Am Jur 2d, Arrest §§ 66, 75.

[4] 29 Am Jur 2d, Evidence § 249 *et seq.*

[5] 75 Am Jur 2d, Trial § 624.

Propriety and prejudicial effect of instructions in civil case as affected by the manner in which they are written. 10 ALR3d 501.

5. COURTS—INSTRUCTIONS TO JURY—APPLICABLE LAW—MISLEADING
   INSTRUCTION—EVIDENCE—SUPPORT.

   A trial court must instruct a jury on the law applicable to the case, but it is not required to give an instruction which is misleading and unsupported by evidence.

Appeal from Saginaw, Joseph R. McDonald, J. Submitted June 10, 1975, at Lansing. (Docket No. 20389.) Decided July 21, 1975. Leave to appeal applied for.

Ricky Dembinski was convicted of resisting and obstructing a police officer in the discharge of his duties. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *E. Brady Denton,* Prosecuting Attorney, and *Patrick M. Meter,* Assistant Prosecuting Attorney, for the people.

*John A. Lydick,* Assistant State Appellate Defender, for defendant.

Before: ALLEN, P. J., and D. F. WALSH and O'HARA,* JJ.

ALLEN, P. J. Defendant was tried and convicted by jury of resisting and obstructing a police officer in the discharge of his duties. MCLA 750.479; MSA 28.747. The court imposed a 6 months suspended sentence, and defendant appeals of right.

Defendant's assignments of error are: the evidence was insufficient to sustain a guilty verdict; the court reversibly disallowed defense counsel the chance to expose unlawful police conduct during cross-examination; and, the trial court improperly refused to give a requested instruction pertaining

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

to defendant's right to resist unlawful police action.

The prosecution is required to prove beyond a reasonable doubt that a defendant has committed all of the elements of the crime charged. *People v Atley,* 392 Mich 298; 220 NW2d 465 (1974). "Where sufficient evidence exists, which may be believed by the jury, to sustain a verdict of guilty beyond a reasonable doubt, the decision of the jury should not be disturbed by an appellate court." *People v Palmer,* 392 Mich 370, 376; 220 NW2d 393 (1974). (Citation omitted.)

The operative language of the apposite provision reads:

"Any person who shall knowingly and wilfully * * * obstruct, resist, oppose, assault, beat or wound any of the above named officers, or any other person or persons authorized by law to maintain and preserve the peace, in their lawful acts, attempts and efforts to maintain, preserve and keep the peace, shall be guilty of a misdemeanor punishable by imprisonment in the state prison not more than 2 years, or by a fine of not more than 1,000 dollars." MCLA 750.479; MSA 28.747.[1]

The prosecution was thus required to establish that defendant knowingly and wilfully resisted or obstructed, etc., a police officer engaged in his lawful duties. *People v Clarence Reed,* 43 Mich App 51; 203 NW2d 756 (1972).

Record testimony reveals that in the afternoon of November 1, 1973, Saginaw police detectives

---

[1] The information charges that:

"One RICKY DEMBINSKI, late of the city of Saginaw County, and State aforesaid, did knowingly and wilfully obstruct, resist, oppose, assault, beat or wound William Bryan, a police officer with the Saginaw Police Department, while said officer was engaged in lawful acts, attempts and efforts to maintain, preserve and keep the peace, *to-wit: while making a lawful arrest;* Contrary to 750.479, CL 1948; MSA 28.747." (Emphasis supplied.)

Bryan and Denninger went to defendant's residence in an effort to obtain information concerning a burglary that took place earlier in the day. Defendant was not home. As the detectives walked over to the Saginaw Inn to converse with its owner, they spotted defendant walking along the railway tracks near Michigan and Genesee. The detectives stated their identities to defendant, and communicated their desire to talk. Defendant continued to walk. Detective Bryan approached defendant as he came to the sidewalk. Once again he announced his identity, held up his badge, and informed defendant he wished to talk to him. Defendant did not stop; he inquired what Bryan wanted to talk about. When the detective responded that it was "in reference to a B & E at the Bonds Inn", and without any further words or action on Bryan's part, defendant struck him on the temple and ran. A brief skirmish immediately took place as Detective Bryan unsuccessfully tried to grab defendant. Denninger, followed by Bryan, gave chase, and caught defendant in a nearby parking area. Detective Bryan announced to defendant that he was under arrest for assaulting a police officer and investigation of breaking and entering. Defendant resisted, and another struggle resulted. Denninger radioed for assistance when the detectives were unable to subdue the defendant. Two officers, who responded to the summons, testified that upon arrival they observed a struggle between the detectives and defendant. One also assisted in the arrest by handcuffing the defendant.

It is thus evident that sufficient proof was presented to show all elements beyond a reasonable doubt. Defendant knew Bryan and Denninger were police officers; the detectives were duty-bound to

arrest defendant for assaulting Bryan; the quality of resistance is evidenced by the need for assistance.

Defendant nonetheless theorizes that the prosecution failed to prove the element of lawful police conduct in that no evidence was introduced to justify the initial police intrusion on defendant's person. The Court is steered primarily to the United States Supreme Court opinion in *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968), for the view that a police officer's action in detaining a person on the street must be reasonable, and that specific facts must be articulated to establish reasonableness. This Court takes no issue with the proposition. Defendant leaps from this principle to the argument that because no proof was presented to warrant the instant police intrusion, the lawful conduct element was not established and, hence, his conviction ought to be reversed.

The difficulty with defendant's position is his freedom to walk away was never restrained by Detectives Bryan and Denninger. The testimony shows the police had no intention to arrest defendant, but simply wanted to talk with him. Unlike the police "stop and frisk" in *Terry,* the instant officers did nothing more than approach and inquire. As aptly put by Justice White in his *Terry* concurrence:

"There is nothing in the Constitution which prevents a policeman from addressing questions to anyone on the streets. Absent special circumstance, the person approached may not be detained or frisked but may refuse to cooperate and go on his way." 392 US at 34.

Nor is this Court cogent of any statute or case law purporting to shield a person while in the public

domain from being approached by a policeman. Indeed, society's interest in being secure from criminal activity necessitates leverage in police investigatory practice. Thus, a mere police inkling may suffice to invoke police inquiry.[2] The party need not cooperate, and may continue on his way; however, that person has no license to assault the officer. The defendant's assault on Detective Bryan was unlawful, and the detectives were justified in placing him under arrest. His subsequent resistance set the stage for criminal prosecution under MCLA 750.479; MSA 28.747.

Contention 2 concerns the propriety of the trial court's action in limiting the scope of cross-examination. Defense counsel posed the following question to Detective Bryan during cross-examination:

"Did you or anyone, if you know, find any stolen property on his [defendant's] person or at his home."

The prosecution's objection on immateriality grounds was sustained, and argument followed out of the jury's presence. Trial counsel claimed that the conduct of Detective Bryan, before the assault, constituted an arrest. He asserted that facts about the breaking and entering within the officer's knowledge might show that the arrest was unlawful, thereby making the resistance of defendant lawful. The lower court pointed out that no evidence of a pre-assault arrest existed at that stage

---

[2] The instant opinion ought not be read as an outright sanction of police intrusions on a person's privacy while on the street. "It must be recognized that whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." *Terry v Ohio,* 392 US 1, 16; 88 S Ct 1868; 20 L Ed 2d 889 (1968). Such a seizure must be reasonable, and whether *vel non* it is reasonable depends upon facts available to the officer which justify the action. Moreover, even police intrusions that do not constitute a "seizure" may nevertheless be unlawful upon a showing of harassment, bad faith, pretext, etc. There exist no indicia of police misconduct here.

of the trial. The court thus refused to permit counsel to go into the "collateral issue". The court informed counsel, however, that it was "not ruling that you may not raise your points later, if you have them".

The question whether evidence is material and relevant lies within the discretion of the trial court. *People v Moore,* 51 Mich App 48; 214 NW2d 548 (1974). This Court's conclusion that the initial intrusion was not unlawful *per se* amplifies that the court did not abuse its discretion by precluding defense counsel from going into the Bonds Inn burglary during cross-examination of Detective Bryan. *People v Bills,* 53 Mich App 339, 357; 220 NW2d 101 (1974).

Counsel for defendant below requested the following jury instruction:

"If you find that the actions of William Bryan at the 400 Block, W. Genesee, Saginaw, Michigan, on November 1, 1973, were illegal or violative of Ricky Dembinski's civil rights, and constituted an attempt to make an illegal arrest, and you find that Ricky Dembinski used reasonable force to resist this illegal arrest, you should find the Defendant, Ricky Dembinski NOT GUILTY."

The court refused to so instruct on the basis that no evidence was introduced to support an inference of unlawful conduct by the detectives prior to the point of the disputed assault, and the instruction would tend only to mislead the jury. Although a trial court must instruct the jury on the law applicable to the case,[3] it ought not give an instruction which is unsupported by evidence and misleading. *Cf. Campbell v Charles J. Rogers Con-*

---

[3] MCLA 768.29; MSA 28.1052.

*struction Co,* 58 Mich App 411, 419; 228 NW2d 398 (1975).

The trial record is devoid of evidence establishing that defendant was detained by police before he commenced to run. The disputed issue was whether defendant struck Detective Bryan. If so, the subsequent arrest was lawful, and the defendant's resistance unlawful. If not, then based upon the existing record, the lawful act element of the arrest lacked evidential support. The court instructed the jury that the prosecutor was required to prove that detectives were engaged in their lawful duties. The jury chose to believe defendant had assaulted Detective Bryan. We agree with the trial court that facts did not warrant instructing the jury as requested.

Affirmed.