WAYNE COUNTY PROSECUTOR v RECORDER'S COURT JUDGE

PEOPLE v COGER

Docket No. 76103. Submitted December 11, 1985, at Detroit.—Decided January 23, 1986.

Defendant, Michael A. Coger, was charged with possession of cocaine. The charge was dismissed by a Detroit Recorder's Court judge sitting as a magistrate on the ground that defendant had been illegally approached by the arresting officers. The people sought an order of superintending control in the Wayne Circuit Court, which was granted, the circuit court remanding the matter for further proceedings. At the continuation of the preliminary examination the magistrate ordered the suppression of the evidence, cocaine in a plastic bag which had been taken from the defendant's mouth. The people again sought an order of superintending control, which was granted, Richard D. Dunn, J. Defendant appealed. *Held:*

1. The police officers' initial approach to defendant, who was accompanying a person whom the officers had just arrested on an outstanding warrant, was proper. The officers could legally approach the defendant for the purpose of obtaining his identity to include in the arrest report. Thus, the magistrate erred in dismissing the charge on the ground that defendant was illegally approached.

2. When the defendant was approached, he placed the bag in his mouth and attempted to flee. The officers took him to the police station and, while they sought a warrant for his arrest, he began to gag on the bag. An officer thereupon removed the bag from defendant's mouth. The police acted properly in the circumstances, obtaining the evidence only after an apparent life-threatening situation arose. The magistrate erred in sup-

REFERENCES

Am Jur 2d, Searches and Seizures §§ 33, 58, 59, 102.5, 127.

Law enforcement officer's authority, under Federal Constitution, to "stop and frisk" person-Supreme Court Cases. 32 L Ed 2d 942.

What constitutes obstructing or resisting an officer in the absence of actual force. 44 ALR3d 1018.

Criminal liability for obstructing process as affected by invalidity or irregularity of the process. 10 ALR3d 1146.

pressing the evidence, and the circuit court properly issued the orders of superintending control.

Affirmed.

1. Constitutional Law — Police Officers — Stops for Questioning.

A police officer may properly approach and question a person on the street and, absent special circumstances, the person approached may refuse to cooperate; therefore, a magistrate erred in dismissing a charge against a defendant on the basis that the defendant had been improperly approached by the police, who had initially sought only to obtain defendant's identity as a witness to an arrest of another person.

2. Searches and Seizures — Use of Force — Preventing Destruction of Evidence.

The use of a reasonable amount of force, in conjunction with the use of a reasonable method in executing a search, for the purpose of preventing the destruction of material evidence of a crime, is constitutionally permissible.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Wilfred C. Rice,* for Michael A. Coger.

Before: Danhof, C.J., and J. H. Gillis and M. Warshawsky,* JJ.

Per Curiam. On January 31, 1980, a Detroit Recorder's Court judge, acting as magistrate, dismissed a charge of knowing and intentional possession of cocaine pending against the defendant on the ground that the defendant had been illegally approached by the arresting officers. The prosecutor's office filed a complaint for superintending control in the circuit court on May 15, 1980. An order of superintending control was granted, and

* Circuit judge, sitting on the Court of Appeals by assignment.

in an opinion dated July 18, 1980, the circuit court reversed the magistrate's dismissal and remanded the case for further proceedings. At the continuation of the preliminary examination, the magistrate suppressed evidence obtained from the defendant's mouth, finding the search and seizure, conducted without a warrant, to be illegal. A second complaint for superintending control was filed, and again, in an opinion dated December 29, 1983, the circuit court reversed the magistrate's dismissal of the charge, finding no violation of defendant's constitutional rights. Defendant appeals as of right.

At the preliminary examination, Detroit Police Officer John Magnum testified that on January 11, 1980, he observed Lawrence Barnes, for whom he held an arrest warrant, exit from a double-parked black pickup truck and walk toward Cadillac Square in the City of Detroit. Magnum and his partner arrested Barnes, then approached defendant, the driver of the black pickup, for the purpose of obtaining his identity to include in a report of the arrest. Magnum displayed his badge and requested that defendant exit from the vehicle. Defendant responded by starting the ignition, and Magnum, fearful of being hit, pulled his revolver and ordered defendant out of the vehicle. Defendant complied, but as he did so, he struck Officer Magnum's temple with his forearm and placed a plastic bag containing coin envelopes into his mouth. Believing the bag to contain narcotics, Magnum told defendant not to swallow it because it could kill him.

Defendant was then transported to the police station where a warrant request was phoned in to search the defendant's mouth. Before the request was approved, Officer Magnum observed defendant becoming ill and acting as if he might lose con-

sciousness. Defendant then fell to the floor, and Magnum held defendant's nose and placed his hand over defendant's mouth, forcing him to spit out the bag.

Defendant raises two issues on appeal, the first concerning the circuit court's initial order of superintending control which reversed the magistrate's dismissal due to an illegal approach of the defendant by the officers. We agree with the circuit court that the magistrate abused his discretion in dismissing the charges. *Wayne County Prosecutor v Recorder's Court Judge,* 101 Mich App 772, 774; 300 NW2d 516 (1980). As noted in *People v Dembinski,* 62 Mich App 583, 587; 233 NW2d 662 (1975), quoting *Terry v Ohio,* 392 US 1, 34; 88 S Ct 1868; 20 L Ed 2d 889 (1968) (White, J., concurring):

" 'There is nothing in the Constitution which prevents a policeman from addressing questions to anyone on the streets. Absent special circumstance, the person approached may not be detained or frisked but may refuse to cooperate and go on his way.' "

See also *People v Shabaz,* 424 Mich 42; 378 NW2d 451 (1985). Thus, contrary to the belief of the magistrate, it was not illegal for the officer to approach defendant and request his identity, even if the extenuating circumstance of the arrest of defendant's passenger had not occurred.

Furthermore, Officer Magnum had an additional basis for approaching defendant and requesting his identification. The defendant was the driver of a vehicle which was double-parked in violation of a traffic ordinance. Thus, we conclude that the circuit court properly issued the initial order of superintending control.

Defendant also appeals from the circuit court's

conclusion, pursuant to the second order of super-
intending control, that the magistrate abused his
discretion in suppressing the evidence obtained
from defendant's mouth. Again, however, we find
no error. The facts presented here are substan-
tially similar to those presented in *People v Hollo-
way,* 416 Mich 288; 330 NW2d 405 (1984). In
*Holloway,* the defendant was pulled over to the
side of the road by officers acting on an arrest
warrant for traffic violations. Upon approaching
the defendant, one of the officers noticed two open
film cannisters containing a brown powdery resi-
due between the defendant's legs, and observed
defendant quietly chewing on some object. Know-
ing that such cannisters are commonly used to
store narcotics, the officer ordered defendant to
open his mouth. When he refused, defendant was
arrested and handcuffed, after which the officer
applied pressure to the sides of his jaws to force
his mouth open. This procedure succeeded and
nine chewed tinfoil packets containing heroin and
cocaine were retrieved. 416 Mich 294.

In finding the search and seizure without a
warrant to be constitutional, the Supreme Court
noted that:

"[T]he weight of authority is that the use of a reason-
able amount of force by the government, in conjunction
with the use of a reasonable method in executing the
search, for the purpose of preventing the destruction of
material evidence of a crime, is constitutionally permis-
sible." 416 Mich 299.

Referring specifically to the search conducted in
the case before them, the Court concluded:

"The method and manner of the search were not
unreasonable: defendant remained standing throughout;
the search took a relatively brief time; defendant's

blood supply and air passages were not restricted or cut off; defendant did not require hospitalization and did not appear to be injured as a result of the contact; and it appears that no more force was used than was reasonably necessary." 416 Mich 302-303.

The facts before us present an even more compelling basis for finding no violation of defendant's constitutional rights. The police officers were initially content to wait until a proper warrant authorizing a search of defendant's mouth was issued. This plan was aborted only after an apparent life-threatening situation arose. The defendant's right to be free from unreasonable searches and seizures was clearly outweighed by both his own and the state's interest in the preservation of human life. Viewing this search from the totality of the circumstances involved, its reasonableness cannot seriously be disputed, and thus no violation of defendant's constitutional rights occurred. *Holloway, supra,* p 302. The circuit court's issuance of an order of superintending control was proper.

Affirmed.