## MUILENBERG v THE UPJOHN COMPANY

Docket No. 93331. Submitted October 7, 1987, at Grand Rapids. Decided July 5, 1988. Leave to appeal applied for.

Terry Muilenberg brought a product liability action in Kent Circuit Court against The Upjohn Company, alleging that he contracted colitis as a result of his ingestion of Cleocin, a prescription, antibiotic drug produced and distributed by Upjohn. Following a jury trial, a $750,000 judgment in favor of plaintiff was entered in accordance with the verdict. On defendant's appeal, the verdict was reversed and the case was remanded for a new trial. 115 Mich App 316 (1982). The Court of Appeals denied a subsequent motion by plaintiff for a rehearing and the Supreme Court denied leave to appeal. 418 Mich 946 (1984). Following a second trial, Robert A. Benson, J., the jury returned a verdict of no cause of action. Plaintiff appealed.

The Court of Appeals held:

1. The law of the case doctrine precludes review of this Court's decision which followed the first trial.

2. The trial court did not err in refusing to admit into evidence the testimony given by plaintiff's expert witness at the first trial. MRE 804(b)(1) provides that prior testimony is not excluded by the hearsay rule if the declarant is unavailable as a witness and the opposing party had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. A witness located outside the trial court's jurisdiction, as plaintiff's expert witness was at the time of the second trial, is unavailable for purposes of MRE 804(b)(1) only after the proponent of his testimony has employed reasonable means to obtain the witness' presence at trial. Here, where the witness' location was known but plaintiff made no effort to

REFERENCES

Am Jur 2d, Appeal and Error §§ 99, 744 et seq., 810 et seq., 888-890, 897 et seq.

Am Jur 2d, Evidence §§ 159 et seq., 275, 500, 750 et seq.

Am Jur 2d, Pleading §§ 309 et seq.

Sufficiency of efforts to procure missing witness' attendance to justify admission of his former testimony—state cases. 3 ALR4th 87.

obtain the witness' presence at the second trial, the witness was not unavailable for purposes of MRE 804(b)(1).

3. Plaintiff did not raise in the trial court and thus he did not preserve for appeal the issue whether the expert's prior testimony was admissible under MCR 2.308(A)(1)(c). In any event, MCR 2.308 concerns use of dispositions at trial, not former trial testimony.

4. The trial court did not abuse its discretion in denying plaintiff leave to amend his complaint to allege that Cleocin had aggravated a preexisting condition. The motion was made on the third day of the second trial and would have prevented defendant from having a fair trial had it been granted, given the lack of notice to defendant of such claim before the motion was made and the lack of an opportunity to investigate facts pertinent to a defense.

5. The trial court's characterization of plaintiff's injury as ulcerative colitis as opposed to antibiotic-associated or pseudo-membraneous colitis in its instructions to the jury did not result in injustice requiring a reversal. The challenged characterization was the only reference to a particular type of colitis, and the instructions as a whole did not distinguish between naturally occurring and antibiotic-associated colitis, properly leaving for the jury the task of assigning a cause to plaintiff's condition.

6. Evidence of stronger warnings on Cleocin labels pursuant to a 1975 directive by the Food and Drug Administration was properly ruled by the trial court as irrelevant and inadmissible since plaintiff had taken the drug in 1971.

7. The trial court did not err in denying plaintiff's request for a jury instruction that defendant was on constructive notice of the medical and scientific literature regarding Cleocin published before 1971, since plaintiff failed to establish that any such literature existed prior to plaintiff's ingestion of the drug.

8. The trial court did not abuse its discretion in permitting a juror who was acquainted with defense counsel's wife to serve on the jury. Plaintiff waived any objection thereto by permitting the juror to sit on the panel despite knowledge of the acquaintance and by agreeing with the trial court when it instructed defense counsel's wife to stay away from the courtroom.

Affirmed.

1. APPEAL — LAW OF THE CASE.

A question of law decided by an appellate court will not be decided differently on a subsequent appeal in the same case

where the facts remain materially the same; the reason for the rule is the need for finality of judgment and the want of jurisdiction in an appellate court to modify its own judgment except on rehearing.

2. APPEAL — DECISIONS OF THE COURT OF APPEALS.

A party seeking relief from an incorrect decision by the Court of Appeals may either request a rehearing or appeal to the Supreme Court.

3. EVIDENCE — HEARSAY — PRIOR TESTIMONY.

Prior testimony is not excluded by the hearsay rule if the declarant is unavailable as a witness and the opposing party had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination; a witness located outside the trial court's jurisdiction may not be deemed unavailable unless the proponent of his testimony has employed reasonable means to obtain the witness' presence at the subsequent proceeding (MRE 804[a][5] and [b][1]).

4. PLEADING — AMENDMENT OF PLEADINGS.

Leave to amend a complaint shall be freely given when justice so requires; a motion to amend a complaint should be denied only for such specific reasons as futility, failure to cure deficiencies by amendments previously allowed, undue delay, prejudice to the nonmoving party, or bad faith or dilatory motive by the movant (MCR 2.118[A][2]).

5. PLEADING — AMENDMENT OF PLEADINGS — APPEAL.

The Court of Appeals will not reverse a trial court's decision on a motion to amend a complaint absent an abuse of discretion that results in injustice.

6. PLEADING — AMENDMENT OF PLEADINGS — PREJUDICE.

Prejudice sufficient to justify a denial of a motion for leave to amend a complaint arises when amendment would prevent a party from having a fair trial.

7. APPEAL — JURY INSTRUCTIONS.

On appeal, jury instructions must be read as a whole; errors in the jury charge will require reversal only if failure to do so is inconsistent with substantial justice.

8. NEGLIGENCE — EVIDENCE — SUBSEQUENT REMEDIAL MEASURES — THIRD PARTIES.

The rule that evidence of subsequent remedial measures taken after an injury is not admissible presents no grounds for exclusion of evidence of a subsequent remedial measure taken

by a third party where the evidence is otherwise relevant (MRE 407).

9. Evidence — Presumptions of Law.

A presumption of law must rest on facts established by direct evidence.

10. Jury — Bias — Appeal.

The Court of Appeals will not reverse a trial court's decision regarding whether a potentially biased juror should be excused absent a clear abuse of discretion.

*Bleakley & McKeen, P.C.* (by *Thomas H. Bleakley*) and *MacArthur, Cheatham, Acker & Smith, P.C.* (by *Dwight R. Robinson*), for plaintiff.

*Gruel, Mills, Nims & Pylman* (by *Grant J. Gruel*), for defendant.

Before: DANHOF, C.J., and CYNAR and J. E. MIES,* JJ.

J. E. MIES, J. Plaintiff appeals as of right from a January 27, 1986, jury verdict of no cause of action on his products liability claim arising from injuries allegedly suffered due to ingestion of a drug (Cleocin) produced and distributed by defendant. Plaintiff was diagnosed as having colitis in 1971 after taking Cleocin for treatment of severe acne. His condition eventually necessitated surgical removal of his large bowel in 1973. Plaintiff claimed that defendant failed to warn of the drug's adverse side effects and was negligent in testing the drug.

This appeal is taken from the verdict in a second trial on plaintiff's claim after remand from this Court to Kent Circuit Court. The first trial resulted in a $750,000 jury verdict in plaintiff's favor, which this Court reversed due to errors in the proceedings. *Muilenberg v The Upjohn Co,* 115

* Circuit judge, sitting on the Court of Appeals by assignment.

Mich App 316; 320 NW2d 358 (1982). This Court denied a rehearing requested subsequent to its 1982 decision, and the Supreme Court denied plaintiff leave to appeal, 418 Mich 946 (1984). On this appeal, plaintiff argues as follows:

1. This Court should reverse its 1982 decision.

2. The circuit court erroneously excluded the former trial testimony of one of plaintiff's expert witnesses.

3. The circuit court erroneously limited plaintiff's theory of liability to the claim that his ingestion of Cleocin caused his injury.

4. The circuit court should have permitted plaintiff to introduce into evidence a stronger warning for Cleocin ordered by a Food and Drug Administration directive of March, 1975.

5. The circuit court should have instructed the jury that defendant was on constructive notice of medical and scientific literature concerning Cleocin.

6. The circuit court should have granted a mistrial when the wife of defendant's attorney demonstrated personal familiarity with a juror.

We find the foregoing arguments without merit, and affirm the verdict.

1. The law of the case doctrine precludes this Court from reversing its 1982 decision.

Plaintiff requests this Court to review its prior decision on the two issues which required reversal on the first appeal. Plaintiff argues that this Court incorrectly found error requiring reversal in his counsel's reference in closing argument to the denial of defendant's motion for a directed verdict. Moreover, plaintiff asserts that this Court erred in finding certain documents prepared by defendant to be inadmissible hearsay and irrelevant.

A question of law decided by an appellate court

will not be decided differently on a subsequent appeal in the same case where the facts remain materially the same. The reason for the rule is the need for finality of judgment and the want of jurisdiction in an appellate court to modify its own judgments except on rehearing. *Johnson v White,* 430 Mich 47; 420 NW2d 87 (1988). Our Supreme Court has also held that this rule applies without regard to the correctness of the prior determination. *Gourlay v Ins Co of North America,* 189 Mich 384, 386; 155 NW 483 (1915); *Damon v DeBar,* 94 Mich 594; 54 NW 300 (1893).[1] A party seeking relief from an incorrect appellate decision may either request a rehearing or appeal to the Supreme Court. *Damon, supra.*

There has been no material change in the facts since the first appeal in this case. Moreover, plaintiff has already sought relief from this Court's 1982 decision by way of a request for rehearing to this Court and an application for leave to appeal to the Supreme Court. Accordingly, we hold that the law of the case doctrine prevents us from reviewing our prior decision in this case.

Plaintiff is incorrect in his reliance on *Burk v Warren (After Remand),* 137 Mich App 715; 359 NW2d 541 (1984), aff'd 427 Mich 32; 398 NW2d 896 (1986), reh den 428 Mich 1206 (1987), for the proposition that this Court may review its prior ruling in his case. This Court reversed its prior determination in *Burk* because our Supreme Court significantly altered the controlling law subse-

---

[1] We note that our Supreme Court's recent decision in *Johnson v White, supra,* specifically did not address the issue of the exception recognized in some jurisdictions for erroneous prior decisions because it found no error in this Court's prior determination in that case. We are, however, bound by the Supreme Court's earlier decisions which do not recognize the exception, and note that our conclusion logically follows from the Court's statement in *Johnson v White* that an appellate court lacks jurisdiction to modify its own decisions except on rehearing.

quent to the first appeal, and instructed the trial court on remand to proceed in light of the change. Here, where the Supreme Court denied plaintiff leave to appeal this Court's 1982 decision, there has been no significant change in the law which warrants review of our previous decision.

2. Prior trial testimony of plaintiff's expert witness was not admissible due to plaintiff's failure to show the witness' unavailability pursuant to MRE 804.

Subsequent to his testimony at the first trial in this case, one of plaintiff's expert witnesses moved to Israel. Plaintiff's counsel indicated at trial that the witness had stopped returning his telephone calls in 1980. Plaintiff sought before and during trial to introduce the witness' former testimony pursuant to MRE 804(b)(1), which provides that prior testimony is not excluded by the hearsay rule if the declarant is unavailable as a witness, and the opposing party had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. The circuit court refused to admit the former testimony, holding that plaintiff had neither shown the witness' unavailability nor plaintiff's own attempts to procure the witness' presence at the second trial.

MRE 804(a)(5) provides the relevant definition for "unavailable" in this case:

> (a) Definition of unavailability. "Unavailability as a witness" includes situations in which the declarant . . . .
>
> *      *      *
>
> (5) is absent from the hearing and the proponent of his statement has been unable to procure his attendance . . . by process or other reasonable means, and in a criminal case, due diligence is shown.

Since the witness was without the range of court process in this case, we must determine whether plaintiff was unable to obtain his attendance by "other reasonable means."

Decisions of our Supreme Court rendered prior to the adoption of MRE 804 reached inconsistent conclusions as to whether a witness' mere presence outside the court's jurisdiction constituted unavailability in the absence of a showing of reasons why the witness could not be produced at trial. In *Hudson v Roos,* 76 Mich 173; 42 NW 1099 (1889), a witness was found unavailable and her former testimony read into evidence on the basis of her residence in another state, despite the fact that no effort was made to obtain her presence at trial. In *Pontiac School Dist v Sachse,* 274 Mich 345, 350; 264 NW 396 (1936), a showing of sufficient reason for the witness' absence was a prerequisite to introduction of prior testimony. We are aware of no more recent cases in which this issue was addressed in light of MRE 804. We note, however, this Court's decision in *Sakas v Savoie,* 53 Mich App 158; 218 NW2d 853 (1974), that the proponent of a subpoenaed witness and the court must take reasonable steps to enforce the subpoena as a prerequisite to admission of prior testimony. See also *Mancusi v Stubbs,* 408 US 204; 92 S Ct 2308; 33 L Ed 2d 293 (1972), in which a witness was deemed unavailable after attempts to serve a subpoena proved futile and his son testified at trial that he resided abroad.

We hold that a witness located outside the court's jurisdiction is unavailable under MRE 804(b)(1) only after the proponent of his or her testimony has employed "reasonable means" to obtain the witness' presence at trial. To hold otherwise would render the express language of MRE 804(a)(5) mere surplusage. Where, as here, a wit-

ness' location is known, we will not find unavailability absent a showing that the proponent of the testimony attempted in good faith to obtain the witness' attendance at trial. As plaintiff in the instant case made no effort to obtain the witness' presence at the second trial, we find no unavailability for purposes of MRE 804(b)(1). The circuit court committed no error in refusing to admit the prior testimony.

Plaintiff raises for the first time on appeal an alternative argument that the former testimony should have been admitted under MCR 2.308(A)(1)(c). This question is not properly preserved for appeal since plaintiff did not raise it in the court below. *Marietta v Cliffs Ridge, Inc,* 385 Mich 364, 374; 189 NW2d 208 (1971). In any case, MCR 2.308 concerns use of depositions at trial, not former trial testimony, and is a rule distinct from MRE 804. See *Beachum v Bay Valley Associates,* 120 Mich App 412, 419; 328 NW2d 54 (1982), lv den 418 Mich 853 (1983).

3. The circuit court properly limited plaintiff's theory of liability to the claim that his ingestion of Cleocin caused his injury.

Although plaintiff's complaint alleged that his consumption of Cleocin "was the direct and proximate cause of various ill effects, including ulcerative colitis," his counsel's opening statement and the evidence offered in support of his case presented the theory that the drug may have aggravated a preexisting condition. When defendant objected to such theory, plaintiff moved on the third day of trial for leave to amend his complaint. The circuit court denied plaintiff's motion because it was made too late. Plaintiff challenges the denial of his motion, and the court's refusal to allow him to present proof that the drug aggravated a preexisting condition.

Leave to amend a complaint "shall be freely given when justice so requires." MCR 2.118(A)(2). A motion to amend a complaint should be denied only for such specific reasons as futility, failure to cure deficiencies by amendments previously allowed, undue delay, prejudice to the nonmoving party, or bad faith or dilatory motive by the movant. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656; 213 NW2d 134 (1973). This Court will not reverse the circuit court's decision absent an abuse of discretion that results in injustice. *Id.* at 658.

Prejudice sufficient to justify denial of a motion for leave to amend a complaint arises when amendment would prevent a party from having a fair trial. The amendment's effect on the outcome of trial is irrelevant. *Id.* at 657. Here, plaintiff's proposed amendment would have denied defendant a fair trial. Plaintiff's motion to amend on the third day of the second trial in this case was the first effort to introduce the preexisting condition theory as against defendant since the suit was filed in 1974. We disagree with plaintiff that allegations regarding a preexisting condition brought against the physician who prescribed Cleocin should have put defendant on notice of this theory of liability. The prescribing physician was dismissed from the case, and the issue of a preexisting condition was never raised at the first trial. Moreover, the physician's alleged negligence in prescribing the drug is wholly independent of defendant's liability for failure to warn of side effects or negligent testing. Given such lack of notice to defendant, introducing plaintiff's proposed theory of liability after commencement of the second trial would have prevented defendant from having a fair trial by precluding it from investigating facts pertinent to its defense.

Plaintiff also protests the circuit court's characterization of his injury as "ulcerative colitis" in its charge to the jury. Plaintiff maintains that he was suffering from "antibiotic-associated or pseudomembranous" colitis, and that the court should have included these terms in its jury instructions.[2]

In presenting its case, defendant argued that plaintiff suffered from ulcerative colitis, which defendant asserts occurs naturally, rather than antibiotic-associated and pseudomembranous colitis, which defendant claims are drug-induced. Plaintiff's counsel did not maintain such distinction in his use of terminology, and sought to show that these diseases were difficult to differentiate due to their similarities. Plaintiff's complaint named ulcerative colitis as an adverse effect caused by Cleocin. However, plaintiff's counsel said in his opening statement that plaintiff suffered antibiotic pseudomembranous colitis. Plaintiff's counsel also remarked in his opening statement that ulcerative colitis can be drug-induced. In closing argument, counsel stated that drug-induced colitis is indistinguishable from ulcerative colitis.

Jury instructions must be read as a whole. Errors in the jury charge will require reversal only if failure to do so is inconsistent with substantial justice. *Willoughby v Lehrbass*, 150 Mich App

[2] The court's charge to the jury was as follows:

> When I use the words "proximate cause," I mean that there must have been a connection between the conduct of the Upjohn Company, which the Plaintiff claims was negligent, and the injury complained of by the Plaintiff, which in this case is ulcerative colitis, and second, that the occurrence which is claimed to have produced that injury was a natural and probable result of such conduct on the part of the Upjohn Company.

We assume that plaintiff's counsel properly preserved for appeal his objection to the jury instruction. We note that the parties made objections to jury instructions in chambers, but that the objections were not recorded for transcription due to clerical error.

319, 336; 388 NW2d 688 (1986). Here, we find no injustice requiring reversal in the judge's characterization of plaintiff's injury as ulcerative colitis. The challenged characterization was the only specific reference to a particular type of colitis in the entire jury charge; in the remainder of the charge, the judge merely referred to plaintiff's "injury." Moreover, the jury instructions do not distinguish between naturally occurring and antibiotic-associated colitis, properly leaving for the jury the task of assigning a cause to plaintiff's condition. Our conclusion is supported by plaintiff's own efforts to minimize the distinction between the different types of colitis. The jury was adequately instructed that it could find defendant liable if plaintiff's condition resulted from defendant's conduct. The charge to the jury did not deny plaintiff substantial justice.

4. A warning issued pursuant to a March, 1975, FDA directive was irrelevant where plaintiff had taken Cleocin in 1971.

Plaintiff attempted several times at trial to introduce into evidence a warning that had been placed on Cleocin labels pursuant to a March, 1975, FDA directive. This warning was stronger than the one on the label when plaintiff took the drug in 1971, in that it included as a possible side effect "pseudomembranous colitis, a serious, potentially fatal gastrointestinal disease." The court excluded the warning, first as a subsequent remedial measure under MRE 407, and later as irrelevant.

MRE 407 is no grounds for exclusion of evidence of a subsequent remedial measure taken by a third party where the evidence is otherwise relevant. *Denolf v Frank L Jursik Co,* 395 Mich 661, 669-670; 238 NW2d 1 (1976). Here, the proffered warning was ordered by a third party, the FDA. How-

ever, the warning was not relevant to plaintiff's ingestion of the drug in 1971 absent a concomitant showing that defendant knew the need for a stronger warning in 1971. We find no abuse of discretion in the circuit court's decision to exclude the warning. *Kirk v Ford Motor Co,* 147 Mich App 337, 343; 383 NW2d 193 (1985), lv den 426 Mich 866 (1986).

We disagree with plaintiff that defense counsel opened the door to admission of the warning when he asked a witness whether Cleocin was still used effectively as an antibiotic. While the question may have implied that Cleocin was safe, the witness' reply did not. The witness testified only that the drug was on the market, but that he did not know the extent of its use. We further note that plaintiff's counsel managed to inject the warning into a question asked a defense expert witness during cross-examination. Such question would render harmless any error by the circuit court regarding the directive. MCR 2.613(A).

5. Plaintiff presented no factual basis to support a jury instruction that defendant was on constructive notice of literature concerning Cleocin.

The circuit court denied plaintiff's request for a jury instruction that defendant was on constructive notice of the medical and scientific literature regarding Cleocin published prior to 1971. Plaintiff now asserts that the requested instruction referred to a presumption relevant to the theory of his case.

The presumption that a manufacturer knows of scientific literature concerning the safety of its products was enunciated in *Dunn v Lederle Laboratories,* 121 Mich App 73, 79-80; 328 NW2d 576 (1982), lv den 417 Mich 1098 (1983). A presumption of law must rest on facts established by direct evidence. 29 Am Jur 2d, Evidence, § 163, p 199.

Here, plaintiff failed to establish that any medical or scientific literature regarding Cleocin existed prior to plaintiff's ingestion of the drug. Having failed to show facts giving rise to the presumption, plaintiff was not entitled to have the jury instructed on it. *People v Dembinski,* 62 Mich App 583, 589; 233 NW2d 662 (1975).

6. Plaintiff waived objections based on a juror's familiarity with defense counsel's wife.

On the second day of trial, defense counsel's wife entered the courtroom and had a brief exchange with a juror during a break. On voir dire, it had been established that the juror worked at a doctor's office where counsel's wife was a regular patient. Plaintiff claims that the court should have granted him a mistrial on the basis of potential bias.

We disagree. Plaintiff's counsel permitted the juror to sit on the panel despite his knowledge of her acquaintance with defense counsel's wife. Plaintiff's counsel also agreed when the court decided to solve the problem by instructing counsel's wife to stay away from the courtroom. In any case, we will not reverse the circuit court's decision regarding a potentially biased juror absent a clear abuse of discretion. *People v Mason,* 96 Mich App 47, 49-50; 292 NW2d 480 (1980). We find no abuse of discretion here.

Affirmed.