MEADOWLANES LIMITED DIVIDEND HOUSING ASSOCIATION v
CITY OF HOLLAND (AFTER REMAND)

Docket Nos. 101787, 101845. Submitted October 4, 1988, at Grand
Rapids. Decided April 18, 1989. Leave to appeal applied for.

Meadowlanes Limited Dividend Housing Association purchased a
low-income apartment project located in Holland, Michigan.
The purchase included the assumption of a federally subsidized
loan. Meadowlanes petitioned the Michigan Tax Tribunal for a
reduction of its 1981 tax assessment. The petition was later
amended to include the 1982 and 1983 assessments. Following
evidentiary hearings, the Tax Tribunal reduced the assess-
ments for the respective years of $938,600, $1,427,800 and
$1,427,800 to $1,000,000, $800,000 and $1,000,000. The method
adopted by the Tax Tribunal to compute the valuation involved
determining the present cash value of the mortgage by means
of capitalization of the mortgage payments. In that determina-
tion the Tax Tribunal used the interest payment actually paid
by Meadowlanes and did not consider the interest subsidy paid
by the federal government. The City of Holland appealed. The
Court of Appeals reversed, holding that while the method of
valuation adopted by the Tax Tribunal was a proper method it
was error for the Tax Tribunal to fail to consider what effect, if
any, the interest subsidy had on the valuation and remanded to
the Tax Tribunal for reconsideration. 156 Mich App 238 (1986).
Meadowlanes sought leave to appeal to the Supreme Court,
which was denied. 428 Mich 866 (1987). While the application
for leave to appeal was pending, the Tax Tribunal issued a
supplemental judgment pursuant to the order of remand in
which it took into account the mortgage interest subsidy and
found the true cash value for the respective years to be
$1,600,000, $1,800,000 and $1,900,000. Meadowlanes and the
City of Holland filed separate appeals, which were consolidated
for review.

The Court of Appeals held:

REFERENCES

Am Jur 2d, Appeal and Error §§ 651, 744-759, 988; State and Local
Taxation §§ 603-605.

Erroneous decision as law of the case on subsequent appellate
review. 87 ALR2d 271.

1. The question of whether the Tax Tribunal used a proper methodology was decided in the prior appeal and became the law of the case.

2. Since the Tax Tribunal was not required by the order of remand to rehear the case and since the factual record already made supplied the information necessary for its redetermination, the issuance of a new judgment without a rehearing complied with the mandate of the order of remand.

3. The order of remand instructed the Tax Tribunal to consider the effect, if any, the interest subsidy would have on the calculation of true cash value. The Tax Tribunal's decision to consider the interest subsidy is supported by competent and substantial evidence and is within the scope of the order of remand.

Affirmed.

DANHOF, C.J., concurred in the result on the basis of the application of the law of the case doctrine, but wrote separately to indicate his belief that an interest subsidy should not be considered in the valuation of a limited dividend project

1. APPEAL — LAW OF THE CASE.

A question of law decided by an appellate court will not be decided differently on a subsequent appeal in the same case where the facts remain materially the same; the reason for the rule is the need for finality of judgment and the want of jurisdiction in an appellate court to modify its own judgment except on rehearing.

2. APPEAL — DECISIONS OF THE COURT OF APPEALS.

A party seeking relief from an incorrect decision by the Court of Appeals may either request a rehearing or appeal to the Supreme Court.

3. TAXATION — APPEAL — ASSESSMENT OF REAL PROPERTY — TAX TRIBUNAL.

Factual findings of the Michigan Tax Tribunal in real property assessment cases are final where supported by competent and substantial evidence, and, absent fraud, review of tribunal decisions is limited to determining whether the tribunal made an error of law or adopted a wrong principle.

*Loomis, Ewert, Ederer, Parsley, Davis & Gotting* (by *Kenneth W. Beall* and *Norman C. Witte*), for petitioner.

*Cunningham, Mulder & Breeze, P.C.* (by *Andrew J. Mulder*), for respondent.

Amicus Curiae:

*Bauckham, Reed, Sparks, Rolfe & Thomsen, P.C.* (by *Richard D. Reed, Lynda E. Thomsen* and *Patricia R. Mason*), for The Michigan Municipal League.

AFTER REMAND

Before: DANHOF, C.J., and HOOD and R. L. OL-ZARK,* JJ.

PER CURIAM. Petitioner, Meadowlanes Limited Dividend Housing Association, and respondent, City of Holland, Michigan, both appeal as of right from the Michigan Tax Tribunal's supplementary judgment rendered on remand from this Court. The Michigan Tax Tribunal denied the parties' motions to vacate the supplementary judgment and also denied motions for rehearing on remand. We affirm.

The instant case arose from petitioner's dispute over its real property tax assessments for the tax years 1981, 1982 and 1983 on a 118-unit apartment project owned by petitioner. Petitioner petitioned the Michigan Tax Tribunal to review and reduce the assessments on the apartment project. The Michigan Tax Tribunal decided in favor of petitioner's proposed assessments, and respondent appealed to this Court. *Meadowlanes Limited Dividend Housing Ass'n v Holland,* 156 Mich App 238; 401 NW2d 620 (1986). The basic facts of this case were stated by the *Meadowlanes* Court:

* Circuit judge, sitting on the Court of Appeals by assignment.

Petitioner purchased the apartment project in March, 1973, by paying the original developer, the Holland Zeeland Area Nonprofit Housing Association, $31,532 in cash, assuming the housing authority's $2,232,000 mortgage and placing about $400,000 into reserve accounts in escrow.

The mortgage was obtained through the Michigan State Housing Development Authority (MSHDA). It was subject to federal regulation as part of a § 236 program under the National Housing Act, 12 USC 1715z-1, and a § 8 program under the United States Housing Act of 1937, 42 USC 1437f. Those programs are designed to assist developers in constructing housing for low income families. Under the programs, the Department of Housing and Urban Development (HUD) subsidizes the mortgage by paying interest over one percent. In this case, although the interest rate was 6.35 percent, petitioner paid only one percent, HUD subsidizing 5.35 percent as an interest reduction payment under 12 USC 1715z-1(c). In return for the subsidy, federal regulations limit the maximum return on plaintiff's investment to not more than six percent. Moreover, rents charged by petitioner are regulated by a prescribed formula. Other restrictions also apply. [*Meadowlanes, supra,* pp 239-240.]

The *Meadowlanes* Court held that the Michigan Tax Tribunal followed a satisfactory methodology in determining the true cash value of the apartment unit for each of the years in question, but erred by not taking into account the federal subsidy of the mortgage of the apartment unit. As the *Meadowlanes* Court stated:

Viewing the above formula in light of the requirement that valuation methods be reasonable and accurate, the Court is satisfied that the method meets those requirements at least to the extent that it contains a precise and verifiable formula which can be utilized to establish each

component figure. The only flaw we perceive in the methodology is that a component of the mortgage factor was left out, causing the method to be in violation of the requirement that the formula be reasonably related to fair market value of the property. The methodology does not take into consideration the total value of the mortgage.

According to petitioner, the total monthly mortgage payments are $15,181.64. But, petitioner's share of the payment is only $6,660.90 per month since the government pays the other $8,520.74. However, in establishing the present value of the mortgage, petitioner's appraiser considered only the $6,660.90 monthly payments in the formula, excluding the $8,520.74 monthly payments. Hence, there was over $1,500,000 of mortgage value not included in petitioner's calculations.

Based upon this fact, although the methodology is accurate and precise, it may not reflect the true cash value of the property since, as we discuss in Issue IV, the government subsidized mortgage interest payments are to be considered in setting the value of this subsidized property. [*Meadowlanes, supra,* pp 247-248.]

The *Meadowlanes* Court held:

The decision of the tribunal is reversed and the case is remanded for reconsideration to take into account the value, if any, of the 5.35 percent mortgage interest subsidy. We express no opinion as to the effect of that subsidy in this case because that decision is to be made initially by the tribunal. [*Meadowlanes, supra,* p 252.]

After the remand from this Court, petitioner moved in the Michigan Supreme Court for leave to appeal this Court's decision. While that motion was pending, the Michigan Tax Tribunal issued its supplementary judgment on the remand order. Thereafter, our Supreme Court denied leave to appeal. 428 Mich 866 (1987).

The Michigan Tax Tribunal's original holding in this case set the true cash value of the subject property as: $1,000,000 in 1981; $800,000 in 1982; and $1,100,000 in 1983. After the remand from this Court, the Michigan Tax Tribunal recomputed the value of the subject property for the tax years in question as: $1,600,000 in 1981; $1,800,000 in 1982; and $1,900,000 in 1983. The Michigan Tax Tribunal used the same methodology to achieve both results, but after remand the tribunal took into account the value of the mortgage interest subsidy.

It is argued on appeal that the Michigan Tax Tribunal did not follow the proper methodology on remand when determining the true case value of the subject property. However, this Court approved the methodology used. As this Court has stated:

A question of law decided by an appellate court will not be decided differently on a subsequent appeal in the same case where the facts remain materially the same. The reason for the rule is the need for finality of judgment and the want of jurisdiction in an appellate court to modify its own judgments except on rehearing. *Johnson v White,* 430 Mich 47; 420 NW2d 87 (1988). Our Supreme Court has also held that this rule applies without regard to the correctness of the prior determination. *Gourlay v Ins Co of North America,* 189 Mich 384, 386; 155 NW 483 (1915); *Damon v DeBar,* 94 Mich 594; 54 NW 300 (1893). A party seeking relief from an incorrect appellate decision may either request a rehearing or appeal to the Supreme Court. *Damon, supra.* [*Muilenberg v Upjohn Co,* 169 Mich App 636, 640-641; 426 NW2d 767 (1988).]

In the instant case, the facts have remained materially the same. Leave to appeal to the Supreme

Court was denied. Accordingly, we will not readdress issues previously decided by this Court.

The issues in the instant appeal are whether the Michigan Tax Tribunal properly followed the remand order from this Court and whether the factual findings of the tribunal are supported by competent and substantial evidence.

> This Court's review of decisions of the Tax Tribunal, in the absence of fraud, is limited to determining whether the tribunal made an error of law or adopted a wrong principle; the factual findings of the tribunal are final, provided they are supported by competent and substantial evidence. *Antisdale v City of Galesburg*, 420 Mich 265, 277; 362 NW2d 632 (1984). [*Meadowlanes, supra*, p 245.]

On remand, the Michigan Tax Tribunal was to reconsider the instant case to take into account the value, if any, of the 5.35 percent mortgage interest subsidy. *Meadowlanes, supra*, p 252. The order remanding this case back to the tribunal did not mandate that the tribunal rehear the case or consider other evidence. It was apparently the decision of the tribunal that enough facts were available to it on the record to comply with the order of remand. We have no reason to disagree with this assessment. We find that the remand order of this Court has been complied with. See *Kern v Pontiac Twp*, 93 Mich App 612, 625; 287 NW2d 603 (1979).

On remand, the Michigan Tax Tribunal applied the mortgage equity component formula described in detail and approved of by this Court in *Meadowlanes*. The tribunal found that, when the mortgage interest subsidy was taken into account, the true cash value of the apartment unit had changed from the tribunal's original figures. This decision

of the Michigan Tax Tribunal is supported by competent and substantial evidence. The rule of the law of the case prevents us from finding that the Michigan Tax Tribunal made an error of law or adopted a wrong principle. The Michigan Tax Tribunal applied the methodology that this Court had found to be accurate and precise in this same case and reached a final decision which is supported by competent and substantial evidence.

Affirmed.

DANHOF, C.J. *(concurring)*. I concur in the result reached by the majority based on the law of the case doctrine. *Muilenberg v Upjohn Co,* 169 Mich App 636, 640-641; 426 NW2d 767 (1988). I write separately to point out my disagreement with the suggestion set forth in *Meadowlanes Limited Dividend Housing Ass'n v Holland,* 156 Mich App 238; 401 NW2d 620 (1986), lv den 428 Mich 866 (1987), that a mortgage interest subsidy should be considered as part of the value of a limited dividend project. The interest subsidy is not a proper subject to be taxed under Michigan's property tax laws. *Pinelake Housing Cooperative v Ann Arbor,* 159 Mich App 208, 227-228; 406 NW2d 832 (1987); *Tradewinds East Associates v Hampton Charter Twp,* 159 Mich App 77, 88, n 1; 406 NW2d 845 (1987), lv den 428 Mich 920 (1987); *Congresshills Apartments v Ypsilanti Twp (After Remand),* 128 Mich App 279, 283; 341 NW2d 121 (1983).